■ CAROL MORRISSEY, Respondent, v WILLIAM MORRISSEY, Appellant. [686 NYS2d 71] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) so much of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated January 9, 1998, as, after a nonjury trial, fixed the amount of child support payable to the plaintiff, awarded the plaintiff maintenance and counsel fees, and equitably distributed the marital property, and (2) so much of an order of the same court, dated February 11, 1998, as, upon, in effect, granting reargument, only reduced the defendant's child support payments from $248 to $200 per week until his obligation to pay maintenance ends, and to $238 per week thereafter, and adhered to the original determination embodied in the judgment in all other respects.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order dated February 11, 1998, made upon reargument; and it is further,

Ordered that the order is modified, on the law and the facts, by deleting the second decretal paragraph thereof, which only reduced the defendant's child support payments only from $248 per week to $200 per week until his obligation to pay maintenance ends, and to $238 per week thereafter, and substituting therefor a provision deleting the fifth decretal paragraph of the judgment, which provides for child support payments; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for a new determination as to child support, and thereafter for the entry of an amended judgment accordingly; and it is further,

Ordered that the respondent is awarded one bill of costs; and it is further,

Ordered that pending the new determination as to child support, the defendant shall pay the plaintiff $175 per week child support, in accordance with the pendente lite order of the Supreme Court dated September 29, 1994.

In determining a party's child support obligation, the court need not rely upon a party's own account of his or her finances, but may impute income based upon past income or demon-

strated earning potential (*see, Kay v Kay,* 37 NY2d 632; *Rocanello v Rocanello,* 254 AD2d 269; *Brown v Brown,* 239 AD2d 535). "Child support is determined by the parents' ability to provide for their child rather than their current economic situation * * * An imputed income amount is based, in part, upon a parent's past earnings, actual earning capacity, and educational background" (*Zwick v Kulhan,* 226 AD2d 734). Here, the court properly imputed income for the defendant based on past earnings in employment in a supervisory capacity. However, it appears that it improperly credited him with all of the income from a disability pension. Pursuant to a stipulation between the parties, the wife was awarded 30% of that pension as part of her distributive award. Accordingly, we remit the matter to the Supreme Court, Queens County, for a recomputation of child support.

In fixing the amount of a maintenance award, a court must consider the financial circumstances of both parties, including their reasonable needs and means, the payor spouse's present and anticipated income, the benefiting spouse's present and future earning capacity, and both parties' standard of living (*see, Feldman v Feldman,* 194 AD2d 207, 218). Here, where the plaintiff had been out of the workforce for approximately 10 years and had been able to work only part time because of her health, the court did not improvidently exercise its discretion in awarding durational maintenance for seven years.

The award of reasonable counsel fees is a matter within the sound discretion of the trial court (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879). The issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' positions and their respective financial positions in determining whether an award is appropriate (*see,* Domestic Relations Law § 237 [a]; *Tayar v Tayar,* 250 AD2d 757). As the court observed and the record before this Court plainly reflects, the defendant was guilty of "stonewalling" conduct which resulted in unnecessary litigation. Thus, the court properly awarded counsel fees to the plaintiff.

The defendant's remaining contentions are without merit. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.