■ J. Jude Damas, Appellant, v Sylvie Damas, Respondent. [858 NYS2d 716]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Weiner, J.), entered May 9, 2007, as, upon a decision dated February 23, 2007, made after a nonjury trial, equitably distributed the marital assets, awarded the defendant maintenance in the sum of $100 per month for a period of 36 months, and awarded an attorney's fee in the sum of $2,500.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff's contention that the defendant should not have been awarded maintenance is without merit. The amount and duration of maintenance is committed to the sound discretion of the trial court (*see Griggs v Griggs,* 44 AD3d 710, 711-712 [2007]). Here, given the disparity between the parties' incomes, and the fact that the defendant still needed credits to obtain her nursing degree, we find that the court providently exercised its discretion in awarding her maintenance in the sum of $100 per month for a period of 36 months.

Contrary to the plaintiff's contention, the court properly exercised its discretion in awarding an attorney's fee in the sum of $2,500 to the defendant. The court considered the "financial circumstances of both parties together with all the other circumstances of the case" (*DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]).

Finally, the defendant's use of marital assets to pay for "basic living expenses" did not constitute "wasteful dissipation" (Domestic Relations Law § 236 [B] [5] [d] [11]; *Sinha v Sinha,* 17 AD3d 131, 133-134 [2005]). Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.