■ ANNETTE GRUPPUSO, Appellant-Respondent, v JOANNE CARIDI et al., Respondents-Appellants. [886 NYS2d 613]—In an action for a divorce and ancillary relief, the plaintiff former wife appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Ross, J.), dated October 1, 2007, as denied her motion for an award of an attorney's fee and (2) so much of a judgment of the same court entered October 26, 2007, as, upon the order, failed to award her an attorney's fee, and the defendants Joanne Caridi, Lisa Salvo, and Diana Boland, as executors of the estate of the deceased former husband, cross-appeal, as limited by their brief, from (1) so much of the same order as denied his cross motion for an award of an attorney's fee and (2) so much of the same judgment as failed to award him an attorney's fee.

Ordered that the appeal and cross-appeal from the order are dismissed; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

An award of an attorney's fee pursuant to Domestic Relations Law § 237 [a] is a matter within the sound discretion of the trial court, and the issue "is controlled by the equities and circumstances of each particular case" (*Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]; *see Prichep v Prichep*, 52 AD3d 61, 64 [2008]; *Timpone v Timpone*, 28 AD3d 646 [2006]; *Walker v Walker*, 255 AD2d 375, 376 [1998]). In determining whether to award such a fee, the court should "review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see Prichep v Prichep*, 52 AD3d at 64; *Ciampa v Ciampa*, 47 AD3d 745, 748 [2008]). Here, contrary to the parties' contentions, the Supreme Court providently exercised its discretion in denying both the former wife's motion and the former husband's cross motion for an award of an attorney's fee. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.