■ BEELA CHAUDRY, Respondent-Appellant, v MASUD CHAUDRY, Appellant-Respondent. [945 NYS2d 110]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Shifrin, Ct. Atty. Ref.), entered October 26, 2010, which, upon a decision of the same court dated June 2, 2010, made after a nonjury trial, inter alia, awarded the plaintiff nontaxable spousal maintenance in the sum of $1,583.33 per month for a duration of four years commencing June 2010, and the sum of $1,235 per month for a duration of 10 years commencing June 2014, directed that the defendant shall not take such maintenance as a tax deduction, directed the defendant to pay the college tuition, fees, and book costs of the parties' unemancipated child, and awarded the plaintiff credits in the sum of $40,127.52, and the plaintiff cross-appeals from so much of the same judgment as failed to award her an attorney's fee.

Ordered that the judgment is modified, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing that spousal maintenance shall be nontaxable to the plaintiff and that the defendant shall not take such maintenance as a tax deduction, and substituting therefor a provision directing that spousal maintenance shall be taxable to the plaintiff and deductible by the defendant, and (2) by adding a provision thereto awarding the plaintiff an attorney's fee in the sum of $47,905; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The amount and duration of maintenance is addressed to the

sound discretion of the trial court, and is to be determined on a case-by-case basis (*see Sirgant v Sirgant*, 43 AD3d 1034, 1035 [2007]). "When evaluating whether a court providently exercised its discretion in awarding maintenance, the factors to be considered are whether the award encourages economic independence, the present and future earning capacity of the parties, the reduced or lost lifetime earning capacity of the party seeking maintenance, the duration of the marriage, whether the amount and duration of the award is appropriate in light of the pre-separation standard of living, the reasonable needs of the recipient spouse, the income and property of the parties, the distribution of the marital property, and the health of the parties" (*Litvak v Litvak*, 63 AD3d 691, 692 [2009]; *see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog*, 85 NY2d 36, 51-52 [1995]).

Under the circumstances of this case, including the present and future earning capacity of the parties, the reduced or lost lifetime earning capacity of the plaintiff, and the marital standard of living, the Supreme Court providently exercised its discretion in its determination of the amount and duration of maintenance (*see Monroe v Monroe*, 71 AD3d 647 [2010]; *Geller v Geller*, 69 AD3d 563 [2010]; *Litvak v Litvak*, 63 AD3d 691 [2009]; *Appel v Appel*, 54 AD3d 786 [2008]; *Wortman v Wortman*, 11 AD3d 604 [2004]). However, the maintenance awarded should be taxable to the plaintiff and deductible by the defendant (*see Markopoulos v Markopoulos*, 274 AD2d 457, 459 [2000]).

The Supreme Court improvidently exercised its discretion in failing to award the plaintiff an attorney's fee. An award of an attorney's fee pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue "is controlled by the equities and circumstances of each particular case" (*Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]; *see Prichep v Prichep*, 52 AD3d 61 [2008]; *Timpone v Timpone*, 28 AD3d 646 [2006]). In determining whether to award fees, the court should "review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). Here, in light of, among other things, the significant disparity in the parties' incomes and the amount of time spent at trial tracing the funds that the defendant admittedly withdrew from marital accounts without the plaintiff's knowledge, an award of one half of the plaintiff's counsel fees was appropriate (*see Aloi v Simoni*, 82 AD3d 683 [2011]; *Raynor v Raynor*, 68 AD3d 835 [2009]; *Peritore v Peritore*, 50 AD3d 874 [2008]). Accordingly,

the plaintiff is entitled to an attorney's fee in the sum of $47,905.

The defendant's remaining contentions are without merit. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.