■ RALPH PATETE, Appellant, v IRMA RODRIGUEZ, Respondent. [971 NYS2d 109]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Jackman-Brown, J.), entered February 23, 2012, which, upon decisions dated June 29, 2011, and August 11, 2011, respectively, and upon the findings of fact and conclusions of law of the same court entered February 23, 2012, made after a nonjury trial, inter alia, (a) failed to award him a separate property credit in the sum of $135,000 with respect to the purchase of the former marital residence, (b) awarded the defendant 50% of the sale proceeds of an unimproved parcel of real property located in Puerto Rico known as "El Verde," (c) failed to award him a separate property credit in the sum of $15,000 representing funds which were used to remodel an upstairs bathroom at a house located on 64th Street, in Maspeth, Queens, (d) awarded the defendant counsel fees in the sum of $78,000, and failed to award him counsel fees, (e) awarded the defendant child support in the monthly sum of $1,303.34, retroactive to October 1, 2011, until the parties' youngest daughter attains the age of 21 or is sooner emancipated, (f) directed him to pay 50% of the college tuition and related expenses for the parties' youngest child, computed with a "SUNY cap," retroactive to commencement of the instant action for a period of three years, and (g) failed to award him a credit of 50% of $49,000 in marital assets allegedly converted by the defendant in anticipation of commencement of the instant action.

Ordered that the judgment is modified, on the law, on the

facts, and in the exercise of discretion, by (1) adding a provision thereto awarding the plaintiff a separate property credit in the sum of $121,330.53 representing his contribution of separate funds to purchase the former marital residence, (2) deleting the provision thereof awarding the defendant 50% of the sale proceeds of an unimproved parcel of real property located in Puerto Rico known as "El Verde," and substituting therefor provisions (a) awarding the plaintiff ownership of that property as his separate property, and (b) awarding the defendant the sum of $11,124.14 as a distributive award attributable to that property, (3) adding a provision thereto awarding the plaintiff a separate property credit in the sum of $15,000 representing funds which were used to remodel an upstairs bathroom at a house located on 64th Street in Maspeth, Queens, and (4) deleting the provision thereof directing the plaintiff to pay 50% of the college tuition and related expenses for the parties' youngest child, computed with a "SUNY cap," retroactive to commencement of the instant action for a period of three years, and substituting therefor a provision directing the plaintiff to pay 39% of the college tuition and related expenses for the parties' youngest child, computed with a "SUNY cap," retroactive to the child's first year and continuing until she graduates, reaches the age of 21, or is sooner emancipated, and that his child support obligation be decreased by the amount of any college room and board expenses the plaintiff incurs while the child attends college; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment.

The parties married for the first time on December 24, 1978. On May 14, 1980, during this marriage, they jointly purchased a house located on 68th Street in Maspeth, Queens (hereinafter the 68th Street property). However, the parties entered into a separation agreement on February 8, 1981, pursuant to which, on the same date, the defendant conveyed her interest in the 68th Street property to the plaintiff. The parties divorced on March 5, 1981. The divorce decree incorporated but did not merge the separation agreement. The defendant's name was never placed back on the deed to the house prior to their second marriage, in 1985. The plaintiff sold the 68th Street property on February 17, 1987, and used a total of $125,000 of the proceeds to purchase the former marital home, located on 64th Street in Maspeth, Queens (hereinafter the 64th Street property).

The bargain and sale deed by which the defendant conveyed her interest in the 68th Street property to the plaintiff was duly

executed by the defendant and was accompanied by a notarized acknowledgment. This gave rise to a presumption of due execution (*see Nidositko v Nidositko*, 92 AD3d 653, 654 [2012]; *D'Elia v D'Elia*, 14 AD3d 477, 478 [2005]; *Elder v Elder*, 2 AD3d 671, 672 [2003]), which the defendant failed to rebut. Although she correctly points out that "[t]he transfer of title to a marital residence between spouses during the marriage is not determinative of whether the property is separate or marital" (*La Rochelle v La Rochelle*, 44 AD3d 1011, 1011 [2007]), the subject transfer took place pursuant to a separation agreement, and prior to the marriage at issue herein. Significantly, the separation agreement was incorporated but not merged into the judgment of divorce that ended the parties' first marriage. Consequently, since the defendant has failed to adduce any evidence to rebut the presumption that the subject deed was duly executed, it validly transferred the defendant's pre-marital interest in the 68th Street property to the plaintiff. Moreover, since this property remained solely titled in the plaintiff's name until he sold it in 1987, it remained his separate property until the sale. Accordingly, as the plaintiff contends, the documented use of two checks from the sale of the 68th Street property in the sums of $82,500 and $42,500 (totaling $125,000) to purchase the 64th Street property, which was clearly marital property, entitles him to a separate property credit for this contribution of separate funds to purchase the former marital home in the sum of $125,000 (*see Golden v Golden*, 98 AD3d 647, 649 [2012]).

Nonetheless, the plaintiff did not overcome the presumption that the funds used to make mortgage payments with respect to the 68th Street property during the course of the subject marriage, i.e., from March 15, 1985 (the date of the second marriage), to February 17, 1987 (when the house was sold), were marital (*see* Domestic Relations Law § 236 [B] [1] [c]; *Shah v Shah*, 100 AD3d 734, 735 [2012]; *Spera v Spera*, 71 AD3d 661, 664 [2010]). Thus, the defendant should receive a credit for one-half of the marital funds used to the pay this mortgage on the plaintiff's separate property (*see Khan v Ahmed*, 98 AD3d 471, 472-473 [2012]; *Bernholc v Bornstein*, 72 AD3d 625, 628 [2010]). The record demonstrates that the total amount of marital funds used for this purpose was $7,338.94, one-half of which is $3,669.47. Accordingly, the defendant's separate property credit for his contribution of separate funds to purchase the former marital home in the sum of $125,000 must be reduced by $3,669.47, resulting in a final separate property credit in the sum of $121,330.53 (*see Davidman v Davidman*, 97 AD3d 627, 628 [2012]).

However, the defendant is not entitled to the increase in the

value, if any, of the 68th Street property that occurred during the course of the subject marriage. Although the appreciation of, or increase in the value of, separate property is considered separate property, "except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1] [d] [3]), here, the defendant failed to carry her burden establishing that the 68th Street property appreciated in value during the parties' marriage and, if so, that such appreciation was due in part to her efforts (*see Davidman v Davidman*, 97 AD3d at 628).

The plaintiff's contention that he is entitled to a separate property credit for $10,000 used as part of the parties' down payment on the former marital home (the 64th Street property), which funds he claims were a gift to him from his mother, is without merit. The defendant testified that these funds were a gift to both parties, and under the circumstances presented here, we decline to disturb the Supreme Court's credibility determination which formed the basis for its denial of the plaintiff's request for an award of the claimed separate property (*see Formica v Formica*, 101 AD3d 805, 806 [2012]; *Campione v Alberti*, 98 AD3d 706, 707 [2012]).

Although the defendant does not take issue on appeal with the plaintiff's contention that a property located in Puerto Rico consisting of a vacant lot, known as "El Verde," is his separate property, she contends that she is entitled to a portion of the appreciation in its value over the course of the marriage. Contrary to the defendant's contention, she failed to sustain her burden of demonstrating the manner in which her contributions, if any, resulted in the increase in the value of this vacant parcel over the course of the marriage (*see Formica v Formica*, 101 AD3d at 806; *Embury v Embury*, 49 AD3d 802, 804 [2008]; *Michelini v Michelini*, 47 AD3d 902, 903 [2008]; *Burgio v Burgio*, 278 AD2d 767, 769 [2000]; *Chan v Chan*, 267 AD2d 413, 414 [1999]; *Elmaleh v Elmaleh*, 184 AD2d 544 [1992]). Accordingly, the "El Verde" property should be distributed solely to the plaintiff as his separate property.

However, the defendant should have been awarded a credit for one-half of the marital funds used to pay for taxes and maintenance of the "El Verde" property totaling $22,248.27, one-half of which is $11,124.14 (*see Khan v Ahmed*, 98 AD3d at 472-473; *Bernholc v Bornstein*, 72 AD3d at 628). Although the defendant claims on appeal that she is also entitled to reimbursement for the use of marital funds to pay for real estate taxes on the "El Verde" property after this action was commenced, she waived any such claim when she explicitly agreed to this payment of

real estate taxes in a so-ordered stipulation before the trial, in which, inter alia, she acknowledged that payment of these real estate taxes constituted a "marital obligation" for which both parties were equally responsible.

The Supreme Court should have granted the plaintiff's request for a separate property credit in the sum of $15,000, since the defendant admitted in her response to the plaintiff's notice to admit that the plaintiff inherited funds in that amount which were used to remodel an upstairs bathroom at the 64th Street property during the marriage (see Domestic Relations Law § 236 [B] [1] [d] [3]).

Furthermore, in light of the circumstances of this case, we decline to disturb the Supreme Court's award of $78,000 in counsel fees to the defendant. An award of an attorney's fee pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue "is controlled by the equities and circumstances of each particular case" (*Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]; *see Gruppuso v Caridi*, 66 AD3d 838, 839 [2009]). In determining whether to award fees, the court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (*see Quinn v Quinn*, 73 AD3d 887 [2010]; *Prichep v Prichep*, 52 AD3d 61, 64-65 [2008]). Here, although the parties are on relatively equal financial footing, the record supports the Supreme Court's conclusion that, but for the plaintiff's conduct in this case, the defendant would not have incurred significant legal fees (*see Quinn v Quinn*, 73 AD3d at 887). Accordingly, the Supreme Court providently exercised its discretion in awarding the defendant counsel fees and denying the plaintiff's request for an award of counsel fees.

We reject the plaintiff's contention that the Supreme Court erred in concluding that the income that he reported earning in his 2007 tax returns, rather than the income he reported in his 2009 tax returns, was an accurate reflection of his current earning capacity for the purpose of calculating his child support obligation. "A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (*Haagen-Islami v Islami*, 96 AD3d 1004, 1005 [2012] [internal quotation marks omitted]; *see Sotnik v Zavilyansky*, 101 AD3d 1102, 1103 [2012]; *Cusumano v Cusumano*, 96 AD3d 988, 989 [2012]). "The court may impute income to a party based on his

or her employment history, future earning capacity, educational background, or money received from friends and relatives" (*Haagen-Islami v Islami*, 96 AD3d at 1005 [internal quotation marks omitted]; *see Sotnik v Zavilyansky*, 101 AD3d at 1104). Here, in light of the plaintiff's earning power and substantial assets, the Supreme Court did not improvidently exercise its discretion in imputing his 2007 reported income to him for the purpose of determining his child support obligation (*see Matter of D'Altilio v D'Altilio*, 14 AD3d 701, 701 [2005]; *Matter of Ogborn v Hilts*, 262 AD2d 857, 859 [1999]; *Matter of Webb v Rugg*, 197 AD2d 777, 778 [1993]). Contrary to the plaintiff's further contention, the court did not improvidently exercise its discretion by not also imputing to the defendant her 2007 income. The defendant made financial disclosure to the court, and appeared to be earning income consistent with her " 'education and opportunities' " (*Matter of Genender v Genender*, 51 AD3d 669, 670 [2008], quoting *Kay v Kay*, 37 NY2d 632, 637 [1975]).

However, we agree with the plaintiff that he should have been directed to pay only his pro rata share of 39%, rather than 50%, of the college tuition and related expenses for the parties' youngest child, computed with a "SUNY cap," and only retroactive to that child's first year of college and continuing until she graduates, reaches the age of 21, or is sooner emancipated (*see Matter of Ataande v Ataande*, 77 AD3d 742, 742 [2010]; *Fishbein v Fishbein*, 72 AD3d 1021, 1022 [2010]; *Reinisch v Reinisch*, 226 AD2d 615, 616 [1996]). In addition, the plaintiff correctly argues that the Supreme Court should have directed that his child support obligation be decreased by the amount of any college room and board expenses he incurs while the child attends college (*see Sotnik v Zavilyansky*, 101 AD3d at 1104; *Ayers v Ayers*, 92 AD3d 623, 625 [2012]; *Matter of Levy v Levy*, 52 AD3d 717, 718 [2008]; *Reinisch v Reinisch*, 226 AD2d 615 [1996]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Chambers, Hall and Miller, JJ., concur.