■ ELAINA M. ODERMATT, Respondent, v ROBERT P. ODERMATT, Appellant. [989 NYS2d 335]—

In a matrimonial action in which the parties were divorced by judgment dated October 14, 2010, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Jackman-Brown, J.), dated June 26, 2012, as granted that branch of the plaintiff's motion which was for leave to enter a money judgment awarding her attorneys' fees upon a decision of the same court (Gartenstein, J.H.O.) dated October 14, 2010, to the extent of granting the plaintiff leave to enter a money judgment in the principal sum of $52,899, and denied that branch of his cross motion which was for leave to renew his opposition to the plaintiff's application for an award of attorneys' fees, and (2) from a money judgment of the same court (Jackman-Brown, J.) entered October 23, 2012, which, upon the order dated June 26, 2012, and upon the decision dated October 14, 2010, is in favor of the plaintiff and against him in the principal sum of $52,899.

Ordered that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for leave to enter a money judgment awarding her attorneys' fees upon the decision dated October 14, 2010, to the extent of granting her leave to enter a money judgment in the principal sum of $52,899, is dismissed, without costs or disbursements, as that portion of the order was superseded by the money judgment; and it is further,

Ordered that the money judgment is modified, on the facts and in the exercise of discretion, by reducing the amount

awarded to the plaintiff as attorneys' fees from the principal sum of $52,899 to the principal sum of $20,000; as so modified, the money judgment is affirmed, without costs or disbursements, the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment, and the order is modified accordingly; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

On August 6, 2010, after nearly four years of litigation, the parties entered into an agreement settling their divorce action. Under the terms of the agreement, the parties waived a hearing on the plaintiff's prospective application for attorneys' fees. In accordance with the agreement, the plaintiff's attorney submitted an affirmation and invoices detailing the legal services provided to the plaintiff, and reflecting charges totaling $57,479. The plaintiff's attorney noted in his affirmation that the plaintiff had paid her previous attorney the sum of $5,420, raising her total legal fees to $62,899. The plaintiff also submitted an affidavit alleging that the defendant's conduct had delayed the litigation and caused her to incur substantial fees, and requesting that she be awarded the sum of $30,000, representing approximately one half of the attorneys' fees she had expended in prosecuting the action. The defendant opposed the plaintiff's application for attorneys' fees, pointing out that her income was higher than his income, and alleging that it was her conduct that delayed the litigation. In a decision dated October 14, 2010, the Judicial Hearing Officer who had approved the settlement agreement awarded the plaintiff attorneys' fees in the sum of $62,899, the full sum expended, finding that the delays in bringing the action to conclusion were directly attributable to the defendant. The decision directed the defendant to make payment within 60 days.

After the defendant failed to make payment, the plaintiff moved, inter alia, for leave to enter a money judgment awarding her attorneys' fees upon the October 2010 decision. The defendant cross-moved, inter alia, for leave to renew his opposition to the plaintiff's application for an award of attorneys' fees. In the order appealed from, the Supreme Court granted the plaintiff leave to enter a money judgment in the principal sum of $52,899, representing the $62,899 awarded by the Judicial Hearing Officer minus a $10,000 credit to which the parties stipulated the defendant was entitled. The order also denied that branch of the defendant's motion which was for leave to renew his opposition to the plaintiff's application for an award of attorneys' fees. Thereafter, a money judgment in favor of the

plaintiff and against the defendant in the principal sum of $52,899 was entered.

An award of attorney's fees pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue "is controlled by the equities and circumstances of each particular case" (*Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]; *see Patete v Rodriguez*, 109 AD3d 595 [2013]; *Chaudry v Chaudry*, 95 AD3d 1058, 1059 [2012]). In determining whether to award fees, the court should review the financial circumstances of the case, which may include the relative merit of the parties' positions and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (*see Mueller v Mueller*, 113 AD3d 660 [2014]; *Guzzo v Guzzo*, 110 AD3d 765 [2013]; *Patete v Rodriguez*, 109 AD3d 595 [2013]; *Formica v Formica*, 101 AD3d 805, 807 [2012]). Here, although the plaintiff's income is higher than the defendant's, the Judicial Hearing Officer providently exercised his discretion in determining that she was entitled to attorneys' fees based on his finding that the defendant's conduct delayed the litigation (*see Patete v Rodriguez*, 109 AD3d 595 [2013]; *Formica v Formica*, 101 AD3d at 807; *Morales v Inzerra*, 98 AD3d 484, 485 [2012]). However, in light of the relative financial circumstances of the parties, the Judicial Hearing Officer should not have determined that the plaintiff was entitled to the full $62,899 in legal fees she incurred, rather than the $30,000 she requested.

The Supreme Court properly denied that branch of the defendant's motion which was for leave to renew his opposition to the plaintiff's application for attorneys' fees. Contrary to the defendant's contention, he failed to demonstrate that there had been a change in the law that would change the prior determination (*see* CPLR 2221 [e] [2]; *HSBC Mtge. Servs. v Talip*, 111 AD3d 889 [2013]).

Accordingly, we modify the order appealed from, and the money judgment, by awarding the plaintiff the principal sum of $20,000, representing the $30,000 she requested minus the $10,000 credit to which the parties stipulated the defendant was entitled. Eng, P.J., Leventhal, Lott and Roman, JJ., concur.