Papakonstantis v Papakonstantis (2018 NY Slip Op 05326)





Papakonstantis v Papakonstantis


2018 NY Slip Op 05326


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2015-12513
2015-12515
 (Index No. 979/12)

[*1]Nancy Papakonstantis, appellant, 
v
Steven Papakonstantis, respondent.


Jakubowski Robertson Maffei Goldsmith & Tartaglia, LLP, Saint James, NY (Bridget J. Tartaglia of counsel), for appellant.
Castrovinci & Mady, Smithtown, NY (Philip J. Castrovinci and Debora Shamoilia of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) stated portions of a judgment of divorce of the Supreme Court, Suffolk County (Carol Mackenzie, J.), entered December 3, 2015, upon an order of the same court dated July 16, 2015, and an amended order of the same court dated July 27, 2015, made after a nonjury trial, and (2) an order of the same court dated July 28, 2015. The judgment, inter alia, awarded the plaintiff maintenance in the sum of only $1,000 per month commencing August 1, 2015, for a period of 12 months, and in the sum of only $750 per month thereafter for a period of 60 months; directed the sale of the marital residence and the equal division of the net proceeds; awarded the plaintiff child support in the sum of only $576.20 per week from July 31, 2015, through July 31, 2016, and the sum of only $391.82 per week thereafter; equitably distributed the parties' marital property; failed to direct the defendant to pay the cost of the plaintiff's health insurance; and directed the plaintiff to pay 15% of the children's unreimbursed health care, extracurricular activity, and college expenses. The order, insofar as appealed from, denied the plaintiff's application for counsel fees.
ORDERED that the appeal from the order dated July 28, 2015, is dismissed; and it is further,
ORDERED that the judgment of divorce is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof directing the defendant to pay the plaintiff maintenance in the sums of $1,000 per month commencing August 1, 2015, for a period of 12 [*2]months, and $750 per month thereafter for a period of 60 months, and substituting therefor a provision directing the defendant to pay the plaintiff maintenance in the sum of $3,000 per month commencing August 1, 2015, for a period of 72 months, and (2) by adding thereto a provision directing the defendant to pay the cost of the plaintiff's health insurance commencing August 1, 2015, for a period of 72 months, or until she receives health insurance through employment, whichever comes first; as so modified, the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated July 28, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]).
The parties were married in November 1990, and are the parents of three children, two of whom are currently emancipated. During the marriage, the plaintiff was the primary caregiver for the children and a homemaker. The defendant owned several businesses. In 2012, after nearly 22 years of marriage, the plaintiff commenced this action for a divorce and ancillary relief. A nonjury trial was held on the issues of equitable distribution of the marital property, maintenance, and child support. The Supreme Court issued an order and amended order after trial, and subsequently a judgment, inter alia, awarding the plaintiff maintenance in the sum of $1,000 per month for a period of 12 months commencing August 1, 2015, and decreasing, thereafter, to the sum of $750 per month for a period of 60 months; child support in the sum of $576.20 per week from July 31, 2015, through July 31, 2016, and decreasing, thereafter, to the sum of $391.82 per week from August 1, 2016. The plaintiff also was awarded 50% of the defendant's interest in Ell-Steve Management Corporation, a real estate investment company, representing her equitable share thereof. In an order dated July 28, 2015, the court denied the plaintiff's application for counsel fees. The plaintiff appeals from stated portions of the judgment of divorce.
"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (Repetti v Repetti, 147 AD3d 1094, 1096 [internal quotation marks omitted]; see Kaprov v Stalinsky, 145 AD3d 869, 874). In determining the amount and duration of an award of maintenance, the Supreme Court must consider the factors enumerated in Domestic Relations Law § 236(B)(6)(a), which, prior to amendments effective January 23, 2016, not applicable to this action (see L 2015, ch 269, § 4), included the predivorce standard of living of the parties, " the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance'" (Marley v Marley, 106 AD3d 961, 962, quoting Giokas v Giokas, 73 AD3d 688, 689). Maintenance is intended to be rehabilitative in nature, and thus the function of durational rather than permanent maintenance is to allow the recipient spouse an opportunity to achieve economic independence (see O'Brien v O'Brien, 66 NY2d 576, 585; Sperling v Sperling, 165 AD2d 338). This Court's authority in determining the issue of maintenance is as broad as that of the trial court (see DiNozzi v DiNozzi, 74 AD3d 866, 867).
Here, the plaintiff was 46 years old at the time of trial and the parties were married for nearly 22 years. The plaintiff did not work outside the home for the entire marriage, having left [*3]her secretarial job to raise the parties' three children. Under the circumstances of this case, the Supreme Court's award of maintenance to the plaintiff was insufficient and therefore should be modified (see Bogannam v Bogannam, 60 AD3d 985, 986; Dermigny v Dermigny, 23 AD3d 429). Accordingly, we find that the plaintiff is entitled to maintenance in the sum of $3,000 per month commencing August 1, 2015, for a period of 72 months.
Further, the Supreme Court should have directed the defendant to maintain health insurance for the plaintiff until the expiration of the period of maintenance or until the plaintiff is able to obtain health insurance through employment, whichever comes first (see Domestic Relations Law § 236[B][8][a]; Noto v Noto, 94 AD3d 1069, 1070; Kelly v Kelly, 69 AD3d 577, 579).
However, contrary to the plaintiff's further contentions, the Supreme Court providently exercised its discretion, under the circumstances of this case, in directing the sale of the marital residence and directing that the net proceeds be divided equally between the parties (see Ricciardi v Ricciardi, 173 AD2d 807, 809-810; Lauer v Lauer, 145 AD2d 470); imputing some income to the plaintiff (see Brady v Bounsing-Brady, 131 AD3d 1189, 1190); declining to award child support above the statutory cap (see Domestic Relations Law § 240[1-b][f]; McCoy v McCoy, 107 AD3d 857); and computing each parent's share of the children's unreimbursed health care, extracurricular activity, and college expenses (see Domestic Relations Law § 240[1-b][c][5][v]; Castello v Castello, 144 AD3d 723, 727; Goldberg v Goldberg, 98 AD3d 944, 944).
Contrary to the plaintiff's contention, based upon her testimony during the trial and a stipulation that was placed on the record, the Supreme Court providently exercised its discretion in declining to award her a percentage of the defendant's businesses, other than the company Ell-Steve Management Corporation, and instead considering the defendant's income from those businesses in its award of maintenance (see Giokas v Giokas, 73 AD3d 688, 690).
There is no merit to the plaintiff's contention that she was entitled to the proceeds from the sale of watches and vintage vehicles purchased and sold during the marriage, as the evidence demonstrated that those proceeds were used to pay the family's expenses. The plaintiff did not present any evidence that such assets were willfully dissipated (see Epstein v Messner, 73 AD3d 843, 846; Damas v Damas, 51 AD3d 709, 710).
Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in denying her application for counsel fees. An award of counsel fees lies in the sound discretion of the trial court, and the issue "is controlled by the equities and circumstances of each particular case" (Patete v Rodriguez, 109 AD3d 595, 599, quoting Morrissey v Morrissey, 259 AD2d 472, 473; see Gruppuso v Caridi, 66 AD3d 838, 839), after that court has taken into account the equities and circumstances of the particular case including the respective financial circumstances of each party (see Domestic Relations Law § 237[a]; Gagstetter v Gagstetter, 283 AD2d 393, 395), the relative merit of the parties' positions (see Chesner v Chesner, 95 AD3d 1252; Chaudry v Chaudry, 95 AD3d 1058; Perry v Perry, 88 AD3d 861), and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (see Carr-Harris v Carr-Harris, 98 AD3d 548, 552; Quinn v Quinn, 73 AD3d 887; Prichep v Prichep, 52 AD3d 61, 64-65). Under the circumstances of this case, we see no basis to disturb the court's denial of the plaintiff's application for counsel fees.
The plaintiff's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court