Prochilo v Prochilo (2018 NY Slip Op 07342)





Prochilo v Prochilo


2018 NY Slip Op 07342


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-03890
 (Index No. 201586/11)

[*1]Jeannie Prochilo, appellant, 
v
Peter Prochilo, respondent.


Blumberg, Cherkoss, Fitz Gibbons & Blumberg, LLP, Amytiville, NY (Joshua P. Blumberg of counsel), for appellant.
Robert Hausner, Garden City, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sondra K. Pardes, J.), dated March 14, 2016. The order denied the plaintiff's motion for an award of attorney's fees.
ORDERED that the order is affirmed, without costs or disbursements.
The parties were married on August 19, 2006. On May 25, 2011, the plaintiff commenced this action for a divorce and ancillary relief. On June 17, 2015, the parties executed a stipulation by which they resolved all issues relating to the divorce, except for attorney's fees. The stipulation expressly stated that the plaintiff was permitted to move for an award of attorney's fees by September 30, 2015.
By order to show cause dated July 22, 2015, the plaintiff moved for an award of attorney's fees in an amount "not less than $25,000." The plaintiff, who had already received $24,000 in interim attorney's fees from the defendant, argued that she was entitled to additional attorney's fees because the defendant was the monied spouse and he engaged in obstructionist conduct that prolonged litigation. The defendant opposed the motion, arguing that the plaintiff misrepresented facts to make it appear that he had been uncooperative during litigation, but that he had complied with every court order and had paid the majority of the litigation expenses. In an order dated March 14, 2016, the Supreme Court, after considering the financial information submitted by the parties and their competing allegations that they were each responsible for prolonging litigation, determined that the plaintiff was not entitled to additional attorney's fees and denied the motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying her motion for an award of attorney's fees. An award of attorney's fees lies in the sound discretion of the trial court, and the issue " is controlled by the equities and circumstances of each particular case'" (Patete v Rodriguez, 109 AD3d 595, 599, quoting Morrissey v Morrissey, 259 AD2d 472, 473; see Gruppuso v Caridi, 66 AD3d 838, 839). The court shall consider, inter alia, the respective financial circumstances of each party (see Domestic Relations Law § 237[a]; Gagstetter v Gagstetter, 283 AD2d 393, 395), the relative merit of the parties' positions [*2](see Chesner v Chesner, 95 AD3d 1252; Chaudry v Chaudry, 95 AD3d 1058), and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (see Carr-Harris v Carr-Harris, 98 AD3d 548, 552; Quinn v Quinn, 73 AD3d 887; Prichep v Prichep, 52 AD3d 61, 64-65). We see no basis to disturb the court's denial of the plaintiff's motion for an award of attorney's fees since the plaintiff failed to provide updated financial information and based her motion on a three-year-old net worth statement.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court