Licostie v Licostie (2019 NY Slip Op 03036)





Licostie v Licostie


2019 NY Slip Op 03036


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-11948
 (Index No. 10173/14)

[*1]Ann Marie Licostie, appellant,
v
Cary Licostie, respondent.


Ann Marie Licostie, Holbrook, NY, appellant pro se.
Beth A. Swendsen-Dowd, Garden City South, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carol Mackenzie, J.), dated September 21, 2017. The order granted the plaintiff's motion for attorney's fees only to the extent of directing the defendant to pay attorney's fees in the sum of $2,500.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by increasing the attorney's fees to be paid by the defendant to the sum of $7,500; as so modified, the order is affirmed, without costs or disbursements.
Pursuant to the parties' stipulation of settlement, the plaintiff's counsel moved for an award of attorney's fees from the defendant. The Supreme Court granted the motion only to the extent of directing the defendant to pay to the plaintiff attorney's fees in the sum of $2,500. The plaintiff appeals.
"An award of an attorney's fee pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case'" (Patete v Rodriguez, 109 AD3d 595, 599, quoting Morrissey v Morrissey, 259 AD2d 472, 473; see Chaudry v Chaudry, 95 AD3d 1058, 1059). In determining whether to award fees, the court should review the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (see Odermatt v Odermatt, 119 AD3d 754, 755; Mueller v Mueller, 113 AD3d 660; Guzzo v Guzzo, 110 AD3d 765; Patete v Rodriguez, 109 AD3d 595; Formica v Formica, 101 AD3d 805, 807). This Court's discretionary authority to award attorney's fees is as broad as that of the trial court (see Cohen v Cohen, 160 AD3d 804, 806).
Here, considering the equities and circumstances of the case, and in particular the disparity in the parties' income, we disagree with the Supreme Court's determination awarding the plaintiff attorney's fees in the sum of only $2,500 (see Domestic Relations Law § 237[a]; Haspel v Haspel, 78 AD3d 887, 892; Peritore v Peritore, 50 AD3d 874, 875). Accordingly, the award of attorney's fees to the plaintiff should be increased to the sum of $7,500.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court