D'Angio v D'Angio (2019 NY Slip Op 03024)





D'Angio v D'Angio


2019 NY Slip Op 03024


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-00004
 (Index No. 27916/12)

[*1]Nicole D'Angio, appellant,
v
Anthony D'Angio, respondent.


Winkler, Kurtz, Winkler, Fellin, Hake & O'Hanlon, LLP, Port Jefferson Station, NY (Lindsey Albinski of counsel), for appellant.
Long Tuminello, LLP, Bay Shore, NY (Brittany A. Fiorenza of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Suffolk County (Carol Mackenzie, J.), entered October 25, 2016. The judgment of divorce, insofar as appealed from, upon an order of the same court dated March 21, 2016, awarded the plaintiff counsel fees in the sum of only $2,500.
ORDERED that the judgment of divorce is modified, on the facts and in the exercise of discretion, by increasing the award of counsel fees to the plaintiff from the sum of $2,500 to the sum of $15,000; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 1995 and have three children. The plaintiff commenced this action in 2013 for a divorce and ancillary relief. In 2015, the parties entered into a stipulation of settlement, pursuant to which the plaintiff reserved the right to make an application for counsel fees. Thereafter, she made an application for counsel fees, which the defendant opposed. On October 25, 2016, the Supreme Court entered a judgment of divorce which, inter alia, upon an order dated March 21, 2016, awarded the plaintiff counsel fees in the sum of $2,500. The plaintiff appeals from that portion of the judgment of divorce.
An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue "is controlled by the equities and circumstances of each particular case" (Morrissey v Morrissey, 259 AD2d 472, 473; see Patete v Rodriguez, 109 AD3d 595; Chaudry v Chaudry, 95 AD3d 1058, 1059). In determining whether to award counsel fees, the court should review the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (see Odermatt v Odermatt, 119 AD3d 754; Mueller v Mueller, 113 AD3d 660; Guzzo v Guzzo, 110 AD3d 765; Patete v Rodriguez, 109 AD3d 595; Formica v Formica, 101 AD3d 805, 807). This Court's discretionary authority to award counsel fees is as broad as that of the trial court (see Cohen v Cohen, 160 AD3d 804, 806).
Here, considering the equities and circumstances of the case, and in particular the disparity in the parties' income, the Supreme Court improvidently exercised its discretion in awarding the plaintiff counsel fees in the sum of only $2,500 (see Domestic Relations Law § 237[a]; Haspel v Haspel, 78 AD3d 887, 892; Peritore v Peritore, 50 AD3d 874, 875). Accordingly, the award of counsel fees to the plaintiff should be increased to the sum of $15,000.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court