Gove v Gove (2020 NY Slip Op 02619)





Gove v Gove


2020 NY Slip Op 02619


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-14878
 (Index No. 201505/17)

[*1]Tracey Gove, appellant,
v
Andrew Gove, respondent.


Petroske Riezenman & Meyers, PC, Hauppauge, NY (Debra Welsh of counsel), for appellant.
Simonetti & Associates, Syosset, NY (Timothy J. Fallon of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an amended order of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), dated October 12, 2018. The amended order, insofar as appealed from, granted the plaintiff's motion for an award of counsel fees only to the extent of awarding her the sum of $5,000.
ORDERED that the amended order is affirmed insofar as appealed from, with costs.
The parties were married in 2002. In 2017, the plaintiff commenced this action for a divorce and ancillary relief. In 2018, the parties entered into a stipulation of settlement in which the plaintiff reserved the right to seek an award of counsel fees. Thereafter, she made a motion for an award of counsel fees, which the defendant opposed. The Supreme Court granted the plaintiff's motion for an award of counsel fees only to the extent of awarding her the sum of $5,000. The plaintiff appeals.
"An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case'" (D'Angio v D'Angio, 171 AD3d 1130, 1130, quoting Morrissey v Morrissey, 259 AD2d 472, 473). "In determining whether to award counsel fees, the court should review the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (D'Angio v D'Angio, 171 AD3d at 1130-1131; see Odermatt v Odermatt, 119 AD3d 754, 756; Mueller v Mueller, 113 AD3d 660, 661). "An appropriate award of attorney's fees should take into account the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of the fees under all of the circumstances" (DiBlasi v DiBlasi, 48 AD3d 403, 405 [internal quotation marks omitted]).
Here, in consideration of the financial circumstances of both parties together with all of the other circumstances of the case, the Supreme Court providently exercised its discretion in limiting the plaintiff's award of counsel fees to the sum of $5,000, in addition to the interim counsel fees in the sum of $2,500 that she already was awarded (see Beyel v Beyel, 173 AD3d 1129, 1130; [*2]Cotter v Cotter, 139 AD3d 995, 996).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court