Yakobowicz v Yakobowicz (2023 NY Slip Op 03044)

Yakobowicz v Yakobowicz

2023 NY Slip Op 03044

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05071
 (Index No. 200420/06)

[*1]Samuel Yakobowicz, respondent, 
v
Rina Yakobowicz, appellant.

Manners & Malone, PLLC, Westbury, NY (Randall K. Malone of counsel), for appellant.
Jules A. Epstein, P.C., Jericho, NY, for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment entered April 30, 2014, the defendant appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated February 20, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for an award of attorneys' fees only to the extent of awarding her the sum of $50,000, and denied those branches of her motion which were for an award of prejudgment interest on certain unpaid sums allegedly owed by the plaintiff and for reimbursement of various expenses purportedly incurred by the defendant in Israel.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant's motion which was for an award of attorneys' fees to the extent of awarding her the sum of $50,000, and substituting therefor a provision granting that branch of the motion to the extent of awarding her the sum of $71,243.79; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant were married in 1984. In 2006, the plaintiff commenced an action for a divorce and ancillary relief. One of the issues in dispute between the parties related to a condominium apartment located in Israel (hereinafter the apartment), which was owned by a trust controlled by the plaintiff. In January 2014, the parties appeared before the Supreme Court and placed a stipulation of settlement on the record in open court (hereinafter the stipulation). Among other provisions, the stipulation required the plaintiff to direct the trustee to transfer title to the apartment to the defendant as part of her distributive award. In April 2014, a judgment of divorce was entered, which incorporated, but did not merge, the stipulation.
In or around December 2014, the plaintiff commenced a plenary action to reform the stipulation to include a provision allowing him to pay the defendant the appraised value of the apartment in lieu of directing the trustee to transfer the title to her. The plaintiff alleged that he had agreed to the stipulation in the mistaken belief that it included such a provision. In an order dated October 26, 2015, the Supreme Court awarded summary judgment to the defendant dismissing the complaint in that action. The plaintiff appealed, and this Court affirmed the order in a decision and order dated September 14, 2016 (see Yakobowicz v Yakobowicz, 142 AD3d 996).
While that prior appeal was pending, the defendant moved, inter alia, to hold the plaintiff in contempt based upon, among other things, his failure to transfer title to the apartment to her. She also sought an award of interim attorneys' fees in the sum of $50,000 relating to the proceedings to enforce the judgment. By order dated May 13, 2016, the Supreme Court determined that a hearing was necessary before deciding that branch of the defendant's motion which was to hold the plaintiff in contempt, and denied that branch of the defendant's motion which was for an award of interim attorneys' fees without prejudice to renew upon proper papers.
Thereafter, the defendant renewed that branch of her prior motion which was for an award of interim attorneys' fees. By order dated November 2, 2016, the Supreme Court, among other things, granted the defendant's renewed motion to the extent of awarding the defendant interim attorneys' fees in the sum of $25,000. The court reasoned that such an award was appropriate "[i]n light of the disparate economic circumstances of the parties, . . . the work done by [the defendant's] counsel, and the work necessary to be performed to bring this matter to a conclusion," while noting that it was "without prejudice to further application for additional sums at the time of trial."
In or around August 2017, before the hearing was conducted on that branch of the defendant's prior motion which was to hold the plaintiff in contempt, the defendant moved, inter alia, to hold the plaintiff in contempt for failing to pay the $25,000 interim attorneys' fees award. By order dated December 21, 2017, the Supreme Court, among other things, referred that branch of the motion for a determination at the hearing on the branch of the defendant's prior motion which was to hold the plaintiff in contempt.
In August 2018, the contempt hearing commenced with one day of testimony. Before the hearing was deemed complete, this Court, in a decision and order dated April 10, 2019, affirmed the order dated November 2, 2016, granting that branch of the defendant's renewed motion to the extent of awarding her $25,000 in interim attorneys' fees (see Yakobowicz v Yakobowicz, 171 AD3d 993). The contempt hearing thereafter concluded with a second day of testimony in May 2019. By order dated June 6, 2019, the Supreme Court, inter alia, granted those branches of the defendant's motions which were to hold the plaintiff in contempt for failing to direct the trustee to transfer title to the apartment to the defendant and for failing to pay the interim attorneys' fees award, while permitting him to purge the contempts by providing proof that he complied with his obligations in advance of a sentencing hearing. On August 2, 2019, the parties appeared for the sentencing hearing, at which time the plaintiff's counsel confirmed that his client had taken the necessary steps to purge the contempts.
In October 2019, the defendant moved, inter alia, for an award of more than $200,000 in attorneys' fees relating to her attempts to enforce the judgment of divorce, to direct the plaintiff to pay her "statutory interest" on all monies owed since January 7, 2014—the date the parties placed the stipulation on the record—and to reimburse her for certain amounts she had paid to her Israeli counsel and to the trustee. The defendant noted in her moving papers that the parties had stipulated that her attorneys' fee application could be decided without a hearing. The plaintiff opposed the motion, confirming that he had agreed that the motion could be decided on the papers. By order dated February 20, 2020, the Supreme Court granted that branch of the defendant's motion which was for an award of attorneys' fees only to the extent of awarding her the sum of $50,000, and otherwise denied the motion. The defendant appeals.
"Domestic Relations Law § 238 authorizes a court, in its discretion, to award counsel fees in a proceeding to enforce the provisions of a divorce judgment" (Tuchman v Tuchman, 201 AD3d 993, 993; see also Domestic Relations Law § 237[b], [c]). "[A] court may require . . . [one] party [to] pay counsel fees to enable the other party to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard [for] the circumstances of the case and of the respective parties" (Maddaloni v Maddaloni, 163 AD3d 794, 796). "There is [a] rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Tuchman v Tuchman, 201 AD3d at 993 [internal quotation marks omitted]). "In exercising its discretion [to award fees], the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed [*2]the proceedings or engaged in unnecessary litigation" (id. at 993-994 [alterations and internal quotation marks omitted]), such as by employing "dilatory and obstructionist tactics" (Kugler v Kugler, 174 AD3d 878, 879), focusing on whether the offending party's unreasonable actions "increased the cost of litigation" (Kaufman v Kaufman, 189 AD3d 31, 75; see Guzzo v Guzzo, 110 AD3d 765, 766; Patete v Rodriguez, 109 AD3d 595, 599). "The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (Silvers v Silvers, 197 AD3d 1195, 1199 [internal quotation marks omitted]).
Here, the defendant sought more than $200,000 in attorneys' fees for pursuing the enforcement proceedings, but failed to include itemized billing for a significant portion of the attorneys' fees sought. Contrary to the defendant's contention, she was required to submit itemized billing statements as proof of the attorneys' fees incurred, both to demonstrate substantial compliance with 22 NYCRR 1400.2 and 1400.3 (see Bauman v Bauman, 208 AD3d 624, 626-627; Matter of Tarpey v Tarpey, 163 AD3d 687, 688-689; Montoya v Montoya, 143 AD3d 865, 866), and to establish the "extent and value of [the] services" rendered (Terranova v Terranova, 99 AD3d 788, 789), particularly considering that the parties agreed to have her attorneys' fee application decided without a hearing. The Supreme Court properly rejected her attempt to remedy this issue by submitting the missing statements in reply, since "a movant may not meet his or her burden on a motion by submitting evidence in reply" (Dankenbrink v Dankenbrink, 154 AD3d 809, 810).
While the defendant omitted itemized billing statements covering the early portion of the enforcement proceedings from her moving papers, she nonetheless included statements for a nearly two-year period leading up to the motion. The plaintiff correctly contends that, under the circumstances, the defendant was not entitled to the compound interest charges contained in those statements. Some unknown portion of those interest charges related to attorneys' fees contained in the missing statements, which were not recoverable. In any event, "interest is not part of [a legal] fee, but rather compensation for delay in payment of the fee" (Ween v Dow, 35 AD3d 58, 64).
The Supreme Court nonetheless improvidently exercised its discretion in awarding only $50,000 in attorneys' fees to the defendant, the nonmonied spouse (see Marchese v Marchese, 185 AD3d 571, 576-579). The defendant's attorneys billed nearly $100,000 in hourly fees and costs for services rendered during the period reflected in the billing statements submitted with the moving papers, not including interest charges. Moreover, the defendant pursued the enforcement proceedings because of the plaintiff's failure to comply with the judgment of divorce, and the court held him in contempt for his noncompliance. While the court found that the plaintiff was primarily at fault, it determined that the defendant's actions "partly contributed to the excessively lengthy litigation." However, the record does not indicate that the defendant's actions materially increased the cost of litigation for the parties (see Kaufman v Kaufman, 189 AD3d at 75; Guzzo v Guzzo, 110 AD3d at 766; Patete v Rodriguez, 109 AD3d at 599). Contrary to the plaintiff's contention, the defendant was not prohibited as a matter of law from recovering attorneys' fees relating to her applications (see Kaufman v Kaufman, 189 AD3d at 75). Finally, this Court's review of the itemized entries in question does not reveal any significant number of hours billed that are plainly unrelated to the enforcement proceedings, despite the plaintiff's assertions to the contrary. Under the circumstances, this Court concludes that the defendant demonstrated entitlement to $96,243.79 in attorneys' fees in her moving papers. The plaintiff is entitled to a credit in the amount of $25,000 for the interim attorneys' fee award previously paid.
The defendant's request for prejudgment interest relating to the full amount of the equitable distribution award and the interim attorneys' fees award is improperly raised for the first time on appeal (see CIT Group/Consumer Fin., Inc. v Kaiser, 206 AD3d 791, 793). In her notice of motion and supporting affidavit, the defendant merely requested to have the plaintiff directed "to pay statutory interest on all monies owed to [her] since" the date the parties placed the stipulation on the record. She did not identify which specific amounts for which she sought prejudgment interest, or otherwise discuss the issue further in her moving papers. While the defendant's failure to identify the statutory basis for her request for prejudgment interest in her notice of motion was not necessarily fatal (see Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1106), the fact that [*3]she did not provide any grounds for her request, either in the notice of motion or the supporting affirmation, was fatal (see CPLR 2214[a]; Matter of LiMandri, 171 AD2d 747, 747; Abizadeh v Abizadeh, 159 AD3d 856, 857).
Finally, the Supreme Court correctly denied that branch of the defendant's motion which was to direct the plaintiff to reimburse the defendant for expenses she had incurred in Israel, including funds paid to her Israeli attorney and to the trustee. Regardless of whether the defendant could potentially recover such expenses, she failed to submit sufficient evidence to support her claims, including, but not limited to, whether she was forced to incur the expenses as a result of the plaintiff's failure to abide by the stipulation. As one example of the deficiencies in the defendant's submissions, the bills from her Israeli attorney were primarily in Hebrew and did not include itemized entries for services rendered.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court