WAVERLY FREDERICKS, Appellant, v SUNCERAE FREDERICKS, Respondent. [927 NYS2d 109]—

In an action for a divorce and ancillary relief, in which the parties entered into a stipulation of settlement in open court on December 16, 2009, the plaintiff appeals from an amended order of the Supreme Court, Suffolk County (MacKenzie, J.), dated March 8, 2010, which awarded the defendant counsel fees in the sum of $15,000 and directed that he pay retroactive child support in the sum of $24,199.20 and arrears of his pro rata share of certain child care expenses in the sum of $1,666.

Ordered that the amended order is modified, on the law, by deleting the provision thereof directing that the plaintiff pay retroactive child support in the sum of $24,199.20, and substituting therefor a provision directing that the plaintiff pay retroactive child support in the sum of $13,225.40; as so modified, the amended order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate second amended order in accordance herewith.

"An award of counsel fees pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue 'is controlled by the equities and circumstances of each particular case' " (*Prichep v Prichep*, 52 AD3d 61, 64 [2008], quoting *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]). In determining whether to award counsel fees, the court should "review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see Johnson v Chapin*, 12 NY3d 461, 467 [2009]). A counsel fee award generally will be warranted where there is a significant disparity in the financial circumstances of the parties (*see Cohen v Cohen*, 73 AD3d 832, 834 [2010]; *Prichep v Prichep*, 52 AD3d at 65). The court may also consider "whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (*Prichep v Prichep*, 52 AD3d at 64; *see Quinn v Quinn*, 73 AD3d 887 [2010]).

Here, the record reflects that the defendant's income was less than half that of the plaintiff. The record also reflects that the plaintiff engaged in unnecessary litigation by contesting the defendant's motion to set aside the parties' initial stipulation of settlement, the terms of which were manifestly unfair to her. Accordingly, given the equities and circumstances of the case, the Supreme Court providently exercised its discretion in awarding the defendant $15,000 in counsel fees, which was less than one third the sum requested.

The Supreme Court properly determined that the defendant was entitled to an award of child support retroactive to March 28, 2008, the date of her pendente lite motion (see *Groesbeck v Groesbeck*, 51 AD3d 722, 724 [2008]). The Supreme Court also properly credited the plaintiff for his payments of the carrying charges on the marital residence, made pursuant to a pendente lite order dated October 8, 2008 (cf. *Skladanek v Skladanek*, 60 AD3d 1035, 1037 [2009]; *Grasso v Grasso*, 47 AD3d 762, 764 [2008]). However, the Supreme Court erred in calculating the amount of retroactive child support based on the Child Support Standards Act (CSSA) guidelines (see Domestic Relations Law § 240 [1-b] [c]). The parties entered into a binding stipulation of settlement in open court on December 16, 2009, in which they knowingly and properly opted out of the provisions of the CSSA (see *Mauriello v Mauriello*, 301 AD2d 505 [2003]) and agreed that the plaintiff's child support obligation would be $1,705 per month (see Domestic Relations Law § 240 [1-b] [h]). Therefore, the Supreme Court should have calculated the amount of retroactive child support based on that figure, resulting in an award of $13,225,40. We remit the matter to the Supreme Court, Suffolk County, so that the court may determine whether that sum is to be paid in installments or in a lump sum (see Domestic Relations Law § 236 [B] [7] [a]; *Miklos v Miklos*, 39 AD3d 826, 827-828 [2007]; *Koeth v Koeth*, 309 AD2d 786, 787 [2003]).

The Supreme Court properly directed the plaintiff to pay the sum of $1,666, representing arrears of his pro rata share of day care expenses for the parties' daughter. Mastro, J.P., Belen, Sgroi and Miller, JJ., concur.