■ KIM FINNAN, Appellant, v MICHAEL FINNAN, Respondent. [943 NYS2d 559]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated August 23, 2011, as (1) granted that branch of her motion which was for an award of pendente lite maintenance only to the extent of awarding her the sum of $1,750 per week, and (2) granted that branch of her motion which was for an award of an attorney's fee only to the extent of awarding her the sum of $5,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's contention that the Supreme Court's pendente lite award of maintenance was inadequate is without merit (see Domestic Relations Law § 236 [B] [5-a] [c] [2] [a]; Steinberg v Steinberg, 59 AD3d 702, 705 [2009]). "Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse . . . with due regard for the preseparation standard of living" (Levy v Levy, 72 AD3d 651, 652 [2010] [internal quotation marks omitted]). The Supreme Court providently exercised its discretion in granting tht branch of the plaintiff's motion which was for an award of pendente lite maintenance only to the extent of awarding her the sum of $1,750 per week in temporary maintenance (see Malik v Malik, 66 AD3d 968, 968-969 [2009]). Moreover, "the proper remedy for any perceived inequity in a pendente lite award is a speedy trial" (Frates v Frates, 68 AD3d 813, 814 [2009]).

"In a matrimonial action, an award of an attorney's fee should be based, inter alia, on the relative financial circumstances of the parties and the relative merit of their positions" (Ciociano v Ciociano, 54 AD3d 797, 797 [2008]; see Domestic Relations Law § 237 [a]). "An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on an equal footing with the monied spouse" (Avello v Avello, 72 AD3d 850, 851 [2010] [internal quotation marks omitted]). Whether to award an attorney's fee is in the discretion of the trial court (see Prichep v Prichep, 52 AD3d 61, 66 [2008]). Here, the plaintiff failed to demonstrate that she had incurred counsel fees in the amount requested. Thus, the Supreme Court did not improvidently exercise its discretion by granting that branch of the plaintiff's motion which was for an award of an attorney's fee only to the extent of awarding her the sum of $5,000 (id.). Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.