In an action for a divorce and ancillary relief, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Grob, Ct. Atty. Ref.), dated July 12, 2010, as, without a hearing, awarded the defendant the sum of $193,500 for attorney’s fees and expert fees, and the defendant cross-appeals from so much of the same judgment as awarded her the sum of only $193,500 for attorney’s fees and expert fees, and provided that the plaintiff could pay this sum over a period of 12 years.
Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof providing that the plaintiff could pay the sum of $193,500 for attorney’s fees and expert fees over a period of 12 years; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties were married on November 17, 1987. There were three children of the marriage. The plaintiff, a cardiologist, earned an annual income of more than $750,000 from 2001 through 2008, at times earning more than $1,000,000 a year. The defendant, who has a bachelor’s degree in English, left the work force in 1990 when the parties’ first child was born. The plaintiff commenced this action for a divorce and ancillary relief in May 2004. During protracted and contentious litigation, the parties eventually entered into several stipulations, which were incorporated into a final stipulation of settlement.
As part of the stipulation of settlement, the parties agreed that the issue of an award of an attorney’s fee and expert fees would be the subject of written submissions to the Court Attorney Referee. In the judgment of divorce appealed from, inter alia, the Supreme Court awarded the defendant the sum of $193,500 for attorney’s fees and expert fees and provided that the plaintiff could pay the defendant this amount either in one lump sum or in 12 annual installments.
*1253 In matrimonial actions, courts have the authority to order one spouse to pay the other spouse’s attorney’s fees and expert fees “as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties” (Domestic Relations Law § 237 [a]; see Prichep v Prichep, 52 AD3d 61 [2008]). An award of an attorney’s fee and expert fees “will generally be warranted where there is a significant disparity in the financial circumstances of the parties” (Prichep v Prichep, 52 AD3d at 65). The purpose of Domestic Relations Law § 237 (a) is to “redress the economic disparity between the monied spouse and the non-monied spouse” (O’Shea v O’Shea, 93 NY2d 187, 190 [1999]). “In determining whether to award fees, the court should ‘review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties’ positions’ ” (Prichep v Prichep, 52 AD3d at 64, quoting DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]). However, the nonmonied spouse is no longer required to demonstrate a likelihood of success as a “strict predicate” to an award of an attorney’s fee (O’Shea v O’Shea, 93 NY2d at 192). “The award is now measured by circumstances and discretion, irrespective of the outcome at trial” (id.).
“In determining whether to award fees . . . [t]he court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation” (Prichep v Prichep, 52 AD3d at 64 [citations omitted]; see Morrissey v Morrissey, 259 AD2d 472, 473 [1999]).
Here, considering the significant economic disparity between the parties, the dilatory tactics employed by the plaintiff, and the equities and circumstances of the case, the award to the defendant of a portion of her attorney’s fees and expert fees was appropriate (see Raynor v Raynor, 68 AD3d 835, 839 [2009]; Litvak v Litvak, 63 AD3d 691, 693 [2009]; Wenner v Wenner, 56 AD3d 766 [2008]; Peritore v Peritore, 50 AD3d 874, 875 [2008]; Ciampa v Ciampa, 47 AD3d 745, 748 [2008]; Klisivitch v Klisivitch, 291 AD2d 433 [2002]; Mitzner v Mitzner, 271 AD2d 513 [2000]; Maher v Maher, 196 AD2d 530 [1993]; see also Isaacs v Isaacs, 71 AD3d 951 [2010]; Shen v Shen, 21 AD3d 1078, 1079 [2005]; Krigsman v Krigsman, 288 AD2d 189, 190 [2001]; Bayer v Bayer, 102 AD2d 879 [1984]).
However, under the circumstances here, the plaintiff should not have been given the option of paying the sum owed over a period of 12 years.
The parties’ remaining contentions are without merit. Angiolillo, J.E, Dickerson, Hall and Cohen, JJ., concur.