Lugo v Torres (2019 NY Slip Op 05524)





Lugo v Torres


2019 NY Slip Op 05524


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-06374
 (Index No. 3406/12)

[*1]Robert Lugo, appellant,
v
Larissa Torres, respondent.


Miller Zeiderman & Wiederkehr LLP, White Plains, NY (Faith G. Miller and Evan Wiederkehr of counsel), for appellant.
The Law Offices of Salihah R. Denman, PLLC, Harrison, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Westchester County (IDV Part) (Susan M. Capeci, J.), entered April 13, 2018. The order granted the defendant's motion for an award of counsel fees in the sum of $193,549.
ORDERED that the order is affirmed, with costs.
An award of counsel fees pursuant to Domestic Relations Law § 237(a) is entrusted to the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case (see Chesner v Chesner, 95 AD3d 1252). In determining whether to award counsel fees, the court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881). "The court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (Prichep v Prichep, 52 AD3d 61, 64).
Here, the plaintiff's dilatory conduct resulted in unnecessarily protracting this otherwise straightforward matrimonial action (see Lugo v Torres, 132 AD3d 824, 824-825). Moreover, the plaintiff's litigiousness was fueled by seemingly unlimited family resources, which allowed him to spend well over $800,000 in litigating this case. Under these unusual circumstances (see Nederlander v Nederlander, 102 AD3d 416, 417-418), the Supreme Court providently exercised its discretion in awarding the defendant counsel fees in the sum of $193,549 (see Chesner v Chesner, 95 AD3d 1252).
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court