Brockner v Brockner (2019 NY Slip Op 05511)





Brockner v Brockner


2019 NY Slip Op 05511


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2018-06099
 (Index No. 20637/14)

[*1]Roxanne Brockner, respondent, 
v
Steven Brockner, appellant.


The Sallah Law Firm, P.C., Holtsville, NY (Dean J. Sallah of counsel), for appellant.
Roxanne Brockner, Mount Sinai, NY, respondent pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Cheryl A. Joseph), dated March 23, 2018. The order granted the plaintiff's motion for an award of attorney's fees in the sum of $35,000.
ORDERED that the order is affirmed, with costs.
The parties were married on September 16, 1988. In October 2014, the plaintiff commenced this action for a divorce and ancillary relief. On October 13, 2017, the parties executed a stipulation of settlement, which, inter alia, expressly preserved each party's right to submit an application for attorney's fees to the Supreme Court.
Subsequently, the plaintiff moved for an award of attorney's fees in the sum of $35,000, contending, inter alia, that she was the less monied spouse, and that the defendant had engaged in dilatory tactics that unnecessarily prolonged the litigation. The defendant opposed the motion. In an order dated March 23, 2018, the Supreme Court granted the plaintiff's motion and awarded her attorney's fees in the sum of $35,000. The defendant appeals.
As a threshold matter, contrary to the defendant's contention, the submissions by the plaintiff and her attorney complied with the statutory requirement that an application for attorney's fees be supported by evidence, in admissible form, detailing the financial agreement between the party and the attorney, and attesting to the amount of any retainer, the amounts paid and still owing thereunder, the hourly amount charged by the attorney, the amounts paid, or to be paid, any experts, and any additional costs, disbursements, or expenses (see Domestic Relations Law § 237[a]; 22 NYCRR 202.16[k]; see also CPLR 2106[a]).
In a matrimonial action, an award of attorney's fees is a matter committed to the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case (see Prochilo v Prochilo, 165 AD3d 1304; Patete v Rodriguez, 109 AD3d 595, 599). The purpose of Domestic Relations Law § 237(a) is to redress the economic disparity between the monied spouse and the nonmonied spouse by ensuring that the latter will be able to litigate the action on equal footing with the former (see Chesner v Chesner, 95 AD3d 1252, 1253; Finnan v Finnan, 95 AD3d 821; Prichep v Prichep, 52 AD3d 61, 64-65).
In determining whether to award attorney's fees, the court should review the financial circumstances of both parties, together with all of the other circumstances of the case, including, inter alia, the relative merit of the parties' positions, and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (see Prochilo v Prochilo, 165 AD3d 1304; Chesner v Chesner, 95 AD3d 1252; Prichep v Prichep, 52 AD3d at 64-65).
Here, the Supreme Court providently exercised its discretion in awarding the plaintiff attorney's fees in the sum of $35,000, taking into consideration the relative financial circumstances of the parties, the relative merit of their positions, and the fact that the defendant engaged in dilatory tactics, which unnecessarily prolonged the litigation (see Chesner v Chesner, 95 AD3d at 1253).
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court