Kugler v Kugler (2019 NY Slip Op 05970)





Kugler v Kugler


2019 NY Slip Op 05970


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-11811
 (Index No. 200228/10)

[*1]Abbie Kugler, respondent, 
v
Gregg Kugler, appellant.


Jason M. Barbara & Associates, P.C., New Hyde Park, NY (Penny JG Berger of counsel), for appellant.
Schlissel Ostrow Karabatos, PLLC, Garden City, NY (Stephen W. Schlissel and Jeanine M. Rooney of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Edmund M. Dane, J.), dated October 18, 2017. The order, inter alia, granted the plaintiff's renewed motion for an award of counsel fees to the extent of awarding her counsel fees in the sum of $155,000.
ORDERED that the order is affirmed, with costs.
The relevant factual and procedural history of this case is more fully described in the companion appeal (see Kugler v Kugler, ___ AD3d ___ [Appellate Division Docket No. 2016-11238; decided herewith]).
The plaintiff commenced this action for a divorce and ancillary relief in 2010, and the parties entered into a stipulation of settlement in August 2013. In relevant part, the stipulation expressly provided for the plaintiff to submit her application for counsel fees to the court.
In October 2016, the plaintiff submitted a renewed application for counsel fees, which sought a total award of $195,617. The defendant opposed the motion. The court, inter alia, granted the motion to the extent of awarding the plaintiff counsel fees in the sum of $155,000. The defendant appeals.
"An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case'" (Prichep v Prichep, 52 AD3d 61, 64, quoting Morrissey v Morrissey, 259 AD2d 472, 473; see Chesner v Chesner, 95 AD3d 1252, 1253). "A counsel fee award generally will be warranted where there is a significant disparity in the financial circumstances of the parties" (Fredericks v Fredericks, 85 AD3d 1107, 1108; see Chesner v Chesner, 95 AD3d at 1253; Prichep v Prichep, 52 AD3d at 65). "In determining whether to award counsel fees, the court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions'" (Fredericks v Fredericks, 85 AD3d at 1108, quoting DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; see Chesner v Chesner, 95 AD3d at 1253). " The court may also consider whether either party has engaged in conduct or [*2]taken positions resulting in a delay of the proceedings or unnecessary litigation'" (Brantly v Brantly, 89 AD3d 881, 883, quoting Dellafiora v Dellafiora, 54 AD3d 715, 716; see Fredericks v Fredericks, 85 AD3d at 1108).
Further, "[i]ndigency is not a prerequisite to an award of counsel fees" (DeCabrera v Cabrera-Rosete, 70 NY2d at 881). Accordingly, the nonmonied spouse "cannot be expected to exhaust all, or a large portion, of the finite resources available to [him or] her in order to pay [his or] her attorneys, particularly when the [monied spouse] is able to pay his [or her] own legal fees without any substantial impact upon his [or her] lifestyle" (Prichep v Prichep, 52 AD3d at 66).
Here, the record shows, inter alia, that the defendant, who worked for a family business in which he had an ownership interest, reported an adjusted gross income of $627,545 in 2011. For the majority of the marriage, the plaintiff did not work outside the home. Considering the significant economic disparity between the parties, the dilatory and obstructionist tactics employed by the defendant, and the equities and circumstances of the case, the award to the plaintiff of a substantial portion of her attorney's fees was not an improvident exercise of discretion (see Chesner v Chesner, 95 AD3d 1252; Baron v Baron, 71 AD3d 807, 810-811).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court