D.P. v S.P. (2025 NY Slip Op 50207(U))

[*1]

D.P. v S.P.

2025 NY Slip Op 50207(U)

Decided on February 14, 2025

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 14, 2025
Supreme Court, Westchester County

D.P., Plaintiff,

against
S.P., Defendant.

Index No. XXXXX

Plaintiff- Lisa Zeiderman, Esq, Miller Zeiderman LLP, 140 Grand Street 5th Floor, White Plains, NY 10601
Defendant- Dina S. Kaplan, Esq., Berkman Bottger Newman & Schein, LLP, 445 Hamilton Avenue 15th Floor, White Plains, NY 10601

James L. Hyer, J.

The following documents, numbered 1 to 30, were considered in connection with Plaintiff's Order to Show Cause, dated February 3, 2025 (hereinafter "Motion Sequence No. 7"), seeking the following:
1. Pursuant to DRL § 236, the Summons with Notice dated October 20, 2022, and the So Ordered Preliminary Conference Stipulation and Order dated April 4, 2023, enforcing the Automatic Orders by temporarily compelling Defendant to immediately reinstate comparable medical, hospital, and dental insurance coverage with a comparable deductible and out-of-network coverage to the plan that existed as of the date of commencement of this matter, for both Plaintiff and the parties' Children, M.P. (DOB: XX/XX/XXXX) and J.P. (DOB: XX/XX/XXXX) (collectively the "Children");
2. Directing that Defendant be 100% responsible for all out of pocket medical and health expenses for Plaintiff including but not limited to any and all medical, hospital, dental, therapeutic, emergency room, surgical, and expenses associated with her expected hysterectomy, and directing that in the event Plaintiff advances any of the above costs, Defendant reimburse Plaintiff within ten (10) days of her providing proof of payment, retroactive to December 31, 2024 when the "new" policy went into effect;
3. Pursuant to Judiciary Law §§ 753, 756, and 773, and Domestic Relations Law § 245, finding Defendant to be in contempt of Court and punishing Defendant by fine based upon Defendant's direct violation of the Automatic Orders [Plaintiff is not seeking Defendant's imprisonment];
4. Pursuant to DRL §§ 237, 238, and/or Judiciary Law § 753, directing Defendant to pay [*2]$11,800 in counsel fees arising from Plaintiff's need to make this motion to enforce compliance with the Automatic Orders; and
5. Granting Plaintiff such other and further relief as this Court deems just and proper.
PAPERS NUMBERED
Order to Show Cause/Affirmation in Support/Affirmation in Support/Exhibits 1-15 1-18
Affirmation in Opposition/Affirmation in Opposition/Exhibits A-H 19-28
Reply Affirmation/Reply Attorney Affirmation 29-30
Relevant Factual and Procedural History
On October 21, 2022, this matrimonial action was commenced with the filing of a Summons with Notice (NYSCEF Doc. No. 1) (hereinafter "Summons").
Annexed to the Summons was a document (hereinafter "Automatic Orders") entitled in bold capitalized letters "NOTICE OF ENTRY OF AUTOMATIC ORDERS (D.R.L. § 236) FAILURE TO COMPLY WITH THESE ORDERS MAY BE DEEMED A CONTEMPT OF COURT" which provided the following directives:
"PURSUANT to the Uniform Rules of the Trial Courts, and DOMESTIC RELATIONS LAW § 236, Part B, Section 2, both you and your spouse (the parties) are bound by the following AUTOMATIC ORDERS, which have been entered against you and your spouse in your divorce action pursuant to 22 NYCRR § 202.16(a) and which shall remain in full force and effect during the pendency of the action unless terminated, modified or amended by further order of the court or upon written agreement between the parties:
* * *
(4) ORDERED: Neither party shall cause the other party or the children of the marriage to be removed from any existing medical, hospital and dental insurance coverage, and each party shall maintain the existing medical, hospital and dental insurance coverage in full force and effect.
* * *
(6) ORDERED: These automatic orders shall remain in full force and effect during the pendency of the action unless terminated, modified, or amended by further order of the court or upon written agreement between the parties.
(7) ORDERED: The failure to obey these automatic orders may be deemed a contempt of court.
IMPORTANT NOTE: After service of the Summons with Notice or Summons and Complaint for divorce, if you or your spouse wishes to modify or dissolve the automatic orders, you must ask the court for approval to do so, or enter into a written modification agreement with your spouse duly signed and acknowledged before a notary public."
On October 26, 2022, Defendant's counsel filed an Acknowledgement of Service (NYSCEF Doc. No. 4) which included the following statement by Defendant's counsel, "The undersigned, an attorney duly licensed to practice law in the State of New York, does hereby acknowledge the receipt of the Notice of Electronic Filing, Summons with Notice (Action for Divorce), Notice of Automatic Orders, Notice regarding Continuation of Health Care Coverage, Notice of Guideline Maintenance and Verified Complaint in the above-captioned proceeding."
On April 4, 2023, the parties and counsel appeared before the undersigned after which a [*3]Preliminary Conference Order (hereinafter "Preliminary Conference Order") (NYSCEF Doc. No. 35) was entered wherein section "J" reads as follows:
"Each party acknowledges that he/she has received a copy of the Automatic Statutory Restraints/Automatic Orders (D.R.L. §236[B](2). Each party acknowledges that he/she understands that he/she is bound by those Restraints/Orders during the pendency of this action, unless terminated, modified, or amended by order of the Court upon motion of either party or upon written agreement between the parties duly executed and acknowledged."
On January 29, 2025, an Order (NYSCEF Doc. No. 1265) was entered including the following directives:
"Trial pertaining to the above-captioned action is pending before the undersigned wherein Plaintiff's counsel asserts that the parties' health insurance coverage may have been altered from that which existed as of the date of commencement of this action.
It is hereby ORDERED that:
1. To the extent Plaintiff seeks relief with respect to this allegation, the parties shall comply with the following briefing schedule: a. February 3, 2025 — Deadline for Plaintiff to file a motion; b. February 8, 2025 — Deadline for Defendant to file answering submissions and/or cross motion; c. February 13, 2025 — Deadline for Plaintiff to file answering submissions to any cross motion filed; no reply submissions shall be accepted; this date being the return date for any motion and/or cross motions filed."
On February 3, 2025, Plaintiff filed Motion Sequence No. 7 (NYSCEF Doc. Nos. 1271-1288) seeking the above-referenced relief, which was conformed (NYSCEF Doc. No. 1290) on February 4, 2025.
On February 7, 2025, Defendant filed submissions in opposition (NYSCEF Doc. Nos. 1294-1303).
On February 13, 2025, Plaintiff filed submissions in reply (NYSCEF Doc. Nos. 1310-1311).
Legal Analysis
1. Plaintiff's Request for Entry of an Order Finding Defendant in Contempt
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving contempt by clear and convincing evidence." (Matter of Hughes v. Kameva, 96 AD3d 845, 846 [2d Dept 2012]; see Cassarino v. Cassarino, 149 AD3d 689, 690 [2d Dept 2017]).
The movant must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct (see Judiciary Law § 753[A][3]; El-Dehdan v. El-Dehdan, 26 NY3d 19, 29 [2015]).
"Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order." (Toranzo v. Toranzo, 185 AD3d 621, 623 [2d Dept 2020]). The Appellate Division clarified that "[i]t is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its [*4]motive, is sufficient if such disobedience defeats, impairs, impedes, or prejudices the rights or remedies of a party." (Cutroneo v. Cutroneo, 140 AD3d 1006 [2d Dept 2016] quoting Gomes v. Gomes, 106 AD3d 868 [2d Dept 2013]).
The automatic orders set forth within New York State Domestic Relations Law (hereinafter "DRL") § 236(B)(2)(b) and Uniform Rules for Trial Courts 22 NYCRR § 202.16-a have been determined to "constitute unequivocal mandates of the court" a violation of which may lead to a finding of civil contempt (Spencer v. Spencer, 159 AD3d 174 [2d Dept. 2018]).
Here, it is without question that the Automatic Orders constituted a lawful order of the court, clearly expressing an unequivocal mandate that was in effect at the time the instant application was made and which remains in effect as of the date of entry of this Decision. Notably, neither party has asserted that any modification of the terms of the Automatic Orders was made either pursuant to Court Order or agreement of the parties. It is also clear that Defendant had knowledge of the terms of the Automatic Orders as his counsel acknowledged service of same and he confirmed such knowledge within the Preliminary Conference Order.
Defendant further acknowledges in his own Affidavit that the Automatic Orders were disobeyed, in that the health insurance coverage for the parties family in place at the time of commencement was changed, affirming "The change was made for business purposes only, with absolutely no malicious intent toward Plaintiff." (NYSCEF Doc. No. 1294 ¶ 4). Defendant has offered no compelling defense such as his purported inability to comply with the Automatic Orders.
Finally, this Court finds that Plaintiff has been prejudiced by Defendant's violation of the Automatic Orders as Defendant's unilateral change of the parties' health insurance coverage has placed Plaintiff in the unfortunate position of having to engage in a comprehensive evaluation of her entire current medical and mental health coverage when faced with significant medical and mental health challenges including, but not limited to, a Cancer diagnosis. Moreover, Plaintiff has experienced prejudice as such coverage also applies to the parties' children who the parties agree face significant medical and mental health issues due to their specific needs. Notably, this change in health insurance coverage is not one due to a change of employment by the participant spouse or by the employer of the participant spouse outside the scope of control of the participant spouse. Instead, this change was made by Defendant who is the participant spouse and is the sole owner and chief executive officer of the company within which he is employed through which the parties' and their children receive health insurance, and is the decision maker with respect to the health insurance coverage selected for he and his employees.
Based upon the foregoing, Plaintiff's request is granted to the extent that the Defendant is determined to be in civil contempt for his violation of the Automatic Orders as set forth herein.
2. Plaintiff's Request For the Entry of An Order Compelling Defendant to Immediately Reinstate Comparable Medical, Hospital, and Dental Coverage With A Comparable Deductible and Out-Of-Network Coverage to the Plan That Existed as of The Date of Commencement of This Matter For Plaintiff and the Parties' Children
Based upon the foregoing Plaintiff's request is granted to the extent that Defendant is directed by February 28, 2025, to file an Affidavit of a New York State Licensed Health Insurance Broker confirming that the broker has reviewed the medical, hospital, and dental coverage in place for the parties and the parties' children at the time of commencement of this action (hereinafter "Prior Insurance"); has reviewed the medical, hospital, and dental coverage in [*5]place for the parties and parties' children at the time of execution of the Affidavit (hereinafter "Current Insurance"); and that the Current Insurance provides, in all ways, comparable or better insurance coverage than the Prior Plan.
This Court has not been provided with enough information, nor is this Court an expert in health insurance, to confirm that Defendant has secured a plan under the Current Insurance that has elements (i.e.: deductibles, premiums, etc.) equivalent to or better than the Prior Insurance. Because of the Defendant's intentional conduct of altering the health insurance for the parties and their children as of commencement of this action, the Court is compelled to call upon an expert to verify that the Current Insurance is the same or better than the Prior Insurance.
3. Plaintiff's Request for the Entry of An Order that Defendant be 100% Responsible For All Out-Of-Pocket Medical and Health Expenses for Plaintiff
Based upon the foregoing Plaintiff's request is granted to the extent that Defendant is directed, until further Order of this Court, to be solely responsible for all out-of-pocket medical and health expenses for Plaintiff, including but not limited to, any and all medical, hospital, dental, therapeutic, emergency room, surgical, and expenses associated with her expected hysterectomy, and directing that in the event Plaintiff advances any of the above costs, Defendant reimburse Plaintiff within ten (10) days of her providing proof of payment, to be provided via Our Family Wizard, retroactive to the date the Prior Insurance was replaced with any proceeding insurance.
4. Plaintiff's Request for the Entry of An Order Granting Plaintiff From Defendant Attorneys' Fees Arising From This Application
The Appellate Division Second Department has noted how a trial court should determine if an award of attorneys' fees is warranted in a matrimonial action:
"In a matrimonial action, an award of attorney's fees is a matter committed to the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case (see Prochilo v. Prochilo, 165 AD3d 1304; Patete v Rodriguez, 109 AD3d 595, 599). The purpose of Domestic Relations Law § 237(a) is to redress the economic disparity between the monied spouse and the nonmonied spouse by ensuring that the latter will be able to litigate the action on equal footing with the former (see Chesner v. Chesner, 95 AD3d 1252, 1253; Finnan v. Finnan, 95 AD3d 821; Prichep v. Prichep, 52 AD3d 61, 64—65).
* * *
In determining whether to award attorney's fees, the court should review the financial circumstances of both parties, together with all of the other circumstances of the case, including, inter alia, the relative merit of the parties' positions, and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (see Prochilo v. Prochilo, 165 AD3d 1304; Chesner v. Chesner, 95 AD3d 1252; Prichep v. Prichep, 52 AD3d at 64—65)." (Brockner v. Brockner, 174 AD3d 567, 568 [2d Dept 2019]).
When seeking an award of attorneys' fees, parties are required to submit itemized billing statements as proof of the attorneys' fees incurred, both to demonstrate substantial compliance with 22 NYCRR 1400.2 and 1400.3 and to establish the "extent and value of [the] services" rendered (Yakobowitz v. Yakobowicz, 217 AD3d 733 [2d Dept 2023] [internal citations [*6]omitted]).
Here, Plaintiff seeks an award of counsel fees from Defendant of $11,800.00 and while Plaintiff's application includes a retainer agreement, no billing statements were submitted. Accordingly, the relief requested must be denied without prejudice for the Court to make a determination on applications for attorneys' fees and litigation expenses at the conclusion of the pending trial in this action.
5. Other Relief
Any relief requested that has not been granted or otherwise addressed herein is hereby denied.
Accordingly, it is hereby
ORDERED that the relief sought by Plaintiff in Motion Sequence No. 7 is granted in part and denied in part as set forth above; and it is further
ORDERED that by February 17, 2025, Plaintiff's counsel shall serve a copy of this Decision and Order with Notice of Entry by NYSCEF filing, and by that date shall file proof of service with the Court; and it is further
ORDERED that any relief requested not expressly granted herein is denied.
The foregoing constitutes the Decision and Order of the Court.
Dated: February 14, 2025
White Plains, New York
ENTER:
Hon. James L. Hyer, J.S.C.