M.P. v K.L.B. (2026 NY Slip Op 50262(U))

[*1]

M.P. v K.L.B.

2026 NY Slip Op 50262(U)

Decided on February 25, 2026

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 25, 2026
Supreme Court, Westchester County

M.P., Plaintiff,

againstK.L.B., Defendant.

Index No. XXXXX

Plaintiff: Alci Espinosa, Esq., Espinosa Law, 99 Park Avenue, Suite 810, New York, New York 10016Defendant: Avinoam Cohen, Esq., A. Cohen Law Firm, P.C., 11 Sunrise Plaza, Suite 304, Valley Stream, New York 11580

James L. Hyer, J.

The following documents were considered in connection with a motion by order to show cause of the Defendant, dated December 5, 2025, (hereinafter "Motion Sequence No. 2"), seeking the entry of an Order granting the following relief:
1. Setting aside and/or vacating the parties' October 14, 2024 Settlement Agreement and Judgment of Divorce pursuant to CPLR §5015(a)(3) and CPLR §5101 based on the grounds that the Judgment and Settlement Agreement were procured as a result of the Plaintiff's misconduct, fraud, misrepresentation and overreaching; and2. Modifying upward the Plaintiff's child support obligations for the parties' daughter, A.S.P.B. (born [Redacted]), and directing that the Plaintiff contribute his pro rata share towards the child's unreimbursed medical expenses, childcare and extracurricular activities; and3. Ordering the Plaintiff to pay interim counsel fees pursuant to Domestic Relations Law ("DRL") § 237 or NYCRR 130.1-1, in the sum of $7,500.00, made payable by Plaintiff directly to Defendant's counsel, together with leave to seek such other and further counsel fees that may be warranted; and
4. For such other and further relief as this Court may deem just and appropriate.

[*2]PAPERS           
DOC. NOS.Order to Show Cause/Defendant's Affirmation in Support/AttorneyAffirmation in Support/Exhibits A-G    1-10Plaintiff's Affirmation in Opposition/Affirmation of Wilson Soto, Esq./Exhibits 1-11      11-23
Relevant Factual and Procedural HistoryOn March 25, 2024, this matrimonial action was commenced with the filing of a summons with notice (hereinafter "Summons"),[FN1]
seeking the entry of a judgment of divorce dissolving the parties' marriage pursuant to New York State Domestic Relations Law (hereinafter "DRL") § 170(7) in favor of Plaintiff and granting the following ancillary relief: (1) that the Plaintiff be awarded title and possession to all of his separate property; (2) that the Plaintiff be awarded his just and equitable share of all marital property; (3) that the Plaintiff be awarded a distributive award; (4) that the Plaintiff and Defendant shall have joint legal custody of the children of the marriage and that the Court determine the issue of physical custody; (5) that the Defendant be authorized to resume the use of a pre-marriage name; [Redacted]; and (6) that under all Causes of Action, the Court grant to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action. The Summons included a DRL § 255(1) notice; notice of automatic orders; and, notice of guideline maintenance.
On April 1, 2024, Plaintiff filed an affidavit of service indicating that on March 29, 2024, Defendant was personally served with the Summons.[FN2]

On October 15, 2024, a request for judicial intervention was filed indicating this matter was uncontested,[FN3]
along with the following documents: (1) a complaint (hereinafter "Complaint");[FN4]
note of issue;[FN5]
stipulation of settlement (hereinafter "Stipulation");[FN6]
uncontested matrimonial package (including affidavit of Plaintiff, affidavit of Defendant, attorney certification, attorney affirmation of regularity);[FN7]
proposed judgment of divorce (hereinafter "Judgment");[FN8]
proposed findings of fact and conclusions of law (hereinafter "Findings of Fact [*3]and Conclusions of Law";[FN9]
UCS-111 Child Support Summary Form;[FN10]
and certificate of dissolution.[FN11]

The Complaint was dated October 14, 2024, and asserted in paragraph five that there is one child of the parties' marriage, to wit: A.S.P.B. (D.O.B.: [Redacted]) (hereinafter "Child") and in addition to seeking the entry of a judgment of divorce dissolving the parties' marriage pursuant to DRL § 170(7) in favor of Plaintiff, sought further ancillary relief including that this Court "approve Settlement Agreement entered into by the parties."[FN12]

The Stipulation, also dated October 14, 2024, includes in Article IV that Defendant would have physical custody of the Child:
"The parties further agree that K.L.B. shall have physical custody as A.S.P.B. will reside with her the majority of the time and M.P. shall have liberal parenting time with A.S.P.B. as mutually agreed."Article VI of the Stipulation includes the following as to child support for the Child (hereinafter "Child Support Provision"):
"A. THE CHILD SUPPORT STANDARDS ACT (CSSA)The parties to this Agreement have been advised of the provisions of Domestic Relations Law § (1-B), and Family Court Act § 413, a statutory provision commonly known as Child Support Standards Act. The parties acknowledge that they have reviewed the provisions of said statute, understand her, and have had full opportunity to discuss her with counsel of their own choosing. The parties further understand that in the absence of this Agreement between her, the provisions of Child Support Standards Act governs the determination of the amount of child support obligation to be paid by the non-custodial parent to the custodial parent. Each of the parties represents that each has been provided with a copy of the "Child Support Standards Chart" as promulgated by the Commissioner of Social Services, pursuant to Section 111-I of the Social Services Law, as required by Section 240(1-B)(i) of the Domestic Relations Law, and that each understands the terms and formulas therein described.Domestic Relations Law § 240(1-b)(c) provides, in pertinent part, that in determining the amount of the basic child support obligation, the Court shall: (1) determine the combined parental income, (2) multiply the combined parental income up to $183,000.00 by the appropriate child support percentage (1 child 17%, 2 child 25%, 3 child 29%, etc.), and prorate that amount in the same proportion as each parent's income is to the combined parental income, and (3) where the combined parental income exceeds $183,000.00, determine the amount of child support for the amount of the combined parental income in excess of $183,000.00 by considering the factors set forth in Domestic Relations Law § 240(1-b)(f) and/or the appropriate child support percentage. The factors which are to be [*4]considered are:(1) The financial resources of the custodian and non-custodial parent;(2) The physical and emotional health of Child and his/her special needs and aptitudes;(3) The standard of living Child would have enjoyed had the marriage or household not been dissolved;(4) The tax consequences to the parties;(5) The non-monetary contributions that the parents will make toward the care and well-being of A.S.P.B.;(6) The educational needs of either parent;(7) A determination that the gross income of one parent is substantially less than the other parent's gross income;(8) The needs of Child of the non-custodial parent for whom the non-custodial parent is providing support who are not subject to the instant action and whose support has not been deducted from income and the financial resources of any person obligated to support such child, provided, however, that this factor may apply only if the resources available to support such child are less than the resources available to support a child who is subject to the instant action;(9) Provided that the child is not on public assistance (i) extraordinary expenses incurred by the non-custodial parent in exercising visitation, or (ii) expenses incurred by the non-custodial parent in extended visitation provided that the custodial parent's expenses are substantially reduced as a result thereof; and(10) Any other factors the court determine are relevant in each case, the court shall order the non-custodial parent to pay his or her pro rata share of the basic child support obligation, and may order the non-custodial parent to pay an amount pursuant to DRL (24)(1-b)(e)B. APPLICATION OF CHILD SUPPORTThe parties acknowledge and agree on the child support worksheet calculations in Exhibit A, which is attached hereto and made part of this Agreement. [Emphasis added]Accordingly, the parties agree that M.P. shall pay to the order of K.L.B., as and for his contribution for child support, as follows: The sum of One Thousand Three Hundred ($1,300.00) Dollars per month, commencing on the first day the first month that K.LB. vacates the marital residence at [Redacted], and continuing on the first day of every month thereafter until A.S.P.B. is emancipated. M.P. promptly shall pay each installment of child support provided herein by good check or postal money order, to such other address as she may designate in writing.C. CHILD CARE CONTRIBUTIONSThe parties further agree, due to age of A.S.P.B., and the obligations to K.LB., that childcare may be required. The parties agree that the payment of child support above is inclusive of any child care costs.D. HEALTH CARE CONTRIBUTIONS FOR THE CHILDThe parties agree that K.L.B. shall be the parent legally responsible to provide health insurance coverage for the child. The parties agree to equally pay for all health care expenses not covered by insurance."
Notably, while the Child Support Provision references an "Exhibit A" identified as including the child support worksheet calculations, the document filed with this Court includes no such exhibit and no other exhibits.
Article V of the Stipulation set forth the following provision pertaining to spousal support wherein both parties waived spousal support and maintenance from each other (hereinafter "Spousal Support Provision"):
"A. SPOUSAL MAINTENANCE LAWIn accordance with the Guidelines, the parties have been advised that certain statutory calculations set forth in the Guidelines presumptively result in the correct amount of spousal support and maintenance to be awarded, calculated based on the parties' respective annual incomes, with the payor's annual income capped at $228,000, unless the Court were to find such amount to be "unjust and/or inappropriate." The parties understand that only a Court may determine whether to award maintenance based on the payor's annual income over the $228,000 cap, taking into consideration any one or more of the factors set forth in the statute. The parties further understand that only a Court can determine whether or not to attribute or impute income to a party for the purpose of determining maintenance obligations. K.L.B. and M.P. affirm that they have reviewed the provisions of the Guidelines, understand her, and have had a full opportunity to review them. The parties acknowledge that the Guidelines set forth an advisory schedule for the duration of post-divorce maintenance, specifying that for a marriage length of zero (0) to fifteen (15) years, maintenance shall be payable for between 15-30% of the length of the marriage; that for a marriage length of more than fifteen (15) to twenty (20) years, maintenance shall be payable for between 30-40% of the length of the marriage; and that for a marriage length of more than twenty (20) years, maintenance shall be payable for between 25-50% of the length of the marriage. With regard to spousal maintenance, each party acknowledges that he or she has also considered the following factors when determining the amount and duration of maintenance payable by either party:1. The age and health of the parties;2. The present or future earning capacity of the parties, including a history of limited participation in the workforce;3. The need of one party to incur education or training expenses;4. The termination of a child support award before the termination of the maintenance award when the calculation of maintenance was based upon child support being awarded which resulted in a maintenance award lower than it would have been had child support not been awarded;5. The wasteful dissipation of marital property, including transfers or encumbrances made in contemplation of a matrimonial action without fair consideration;6. The existence and duration of a pre-marital joint household or pre-divorce separate household;7. Acts by one party against another that have inhibited or continue to inhibit a party's earning capacity or ability to obtain meaningful employment. Such acts include by are not limited to acts of domestic violence as provided in section four hundred fifty-nine-a of the social services law;8. The availability and cost of medical insurance for the parties;9.The care of child or stepchild, disabled adult child or stepchild, elderly parents or in-laws provided during the marriage that inhibits a party's earning capacity;10. The tax consequences to each party;11. The standard of living of the parties established during the marriage;12. The reduced or lost earning capacity of the payee as a result of having forgone or delayed education, training, employment or career opportunities during the marriage;13. The equitable distribution of marital property and the income or imputed income on the assets so distributed;14. The contributions and services of the payee as a spouse, parent, wage earner and homemaker and to the career or career potential or the other party; and,15. Any other factor which the court may expressly find to be just and proper.B. APPLICATION OF SPOUSAL MAINTENANCEM.P. represents and acknowledges that he is now and has been employed, employable, and is self-supporting or is capable of earning such sums as are reasonably required to maintain himself. M.P. acknowledges that the circumstances are such that hereafter K.L.B. shall not be required nor obligated to provide maintenance and support to M.P. and M.P. represents that he does not desire or require spousal maintenance from K.L.B. The parties agree that in no event and under no circumstances, now or in the future, to the fullest extent permitted under law, will M.P. seek spousal maintenance from K.L.B., directly or indirectly, for any reason whatsoever, and M.P. does hereby release and discharge K.L.B., absolutely and forever, from any claims and demands, past, present or future, for spousal maintenance from K.L.B. K.L.B. represents and acknowledges that she is now and has been employed, employable, and is self-supporting or is capable or earning such sums as are reasonably required to maintain herself. K.L.B. acknowledges that the circumstances are such that hereafter M.P. shall not be required nor obligated to provide spousal maintenance to K.L.B. and K.L.B. represents that she does not desire or require spousal maintenance from M.P. The parties agree that in no event and under no circumstances, now or in the future, to the fullest extent permitted under law, will K.L.B. seek spousal maintenance from M.P., directly or indirectly, for any reason whatsoever, and K.L.B. does hereby release and discharge M.P., absolutely and forever, from any claims and demands, past, present or future, for spousal maintenance form M.P. Each party represents that all of the terms of this Agreement, including, but not limited to, the terms of this Article concerning spousal maintenance, are fair and reasonable at the time of the making of this Agreement, and that he and she will not claim that any of the terms of this Agreement is, or are, unfair, unreasonable, or unconscionable."On November 29, 2024, the Findings of Fact and Conclusions of Law were entered by Special Referee Laurie Sullivan,[FN13]
which included the following:
"FINDINGS OF FACT* * *NINTH. The Defendant is self-represented in this action.* * *THIRTEENTH. The Grounds for divorce which were alleged in the Summons with [*5]Notice were proved as follows: Irretrievable breakdown of the relationship for at Least Six Months (DRL Sec. 170(7): The relationship between Plaintiff and Defendant has broken down irretrievably for a period of at least six months.* * *FOURTEENTH. The Plaintiff and Defendant entered into a Settlement Agreement dated October 14, 2024 which is attached hereto and settles all of the ancillary issues of the marriage.* * *SIXTEENTH. The terms of said Agreement, as to child support, is in compliance with the Child Support Standards Act. Said Agreement, in compliance with DRL §2401-b(h), recites that the parties have been advised of the Child Support Standards Act. The basic child support obligation presumptively results in the correct amount of child support. The unrepresented party, if any, has received a copy of the Child Support Standards Chart as promulgated by Commissioner of Social Services pursuant to Social Services Law Section 111-i.* * *CONCLUSIONS OF LAW
* * *FIFTH. The requirements of DRL § 240(1-b) have been satisfied."On November 29, 2024, the Judgement was also entered by Special Referee Laurie Sullivan,[FN14]
which included the following provisions:
"ORDERED AND ADJUDGED that the application of the Plaintiff is hereby granted to dissolve the marriage between the Plaintiff, M.P., and the Defendant K.L.B., pursuant to DRL Section 170 subd. (7) in that the relationship between the Plaintiff and Defendant has broken down irretrievably for a period of at least six months;* * *ORDERED AND ADJUDGED that the written Settlement Agreement dated October 14, 2024, which is on file with this Court and incorporated by reference, shall survive and shall not be merged into this judgment, and the parties are hereby directed to comply with all legally enforceable terms and conditions of said Agreement as if such terms and conditions were set forth in their entirety herein [emphasis added];* * *ORDERED AND ADJUDGED that the Defendant shall be served with a copy of this Judgement, with notice of entry, by the Plaintiff's attorney within 20 days of such entry."On December 5, 2025, Defendant filed Motion Sequence No. 2 by order to show cause,[FN15]
which was conformed,[FN16]
requiring: (1) by December 9, 2025, service of Motion Sequence No. 2 [*6]to be completed upon Plaintiff and Plaintiff's former counsel; (2) by December 19, 2025, service of any answering submissions and/or cross motions; (3) by January 5, 2026, service of any answering submissions to cross motions filed, with no reply submissions accepted, with this date serving as the return date for Motion Sequence No. 2 and any cross motions filed.
On December 9, 2025, Defendant filed proof of service of Motion Sequence No. 2.[FN17]

On December 15, 2025, the then self-represented Plaintiff requested an extension of the briefing schedule for Motion Sequence No. 2,[FN18]
which was granted by Order,[FN19]
directing: (1) January 2, 2026, as deadline to serve and file any answering submissions and/or cross motions; (2) January 16, 2026, as deadline to serve and file any answering submissions to cross motions filed, no reply submissions, with this date serving as the return date for Motion Sequence No. 2 and any cross motions filed.
On January 2, 2026, a notice of appearance was filed by Alci Espinosa, Esq., as counsel for Plaintiff,[FN20]
along with submissions in opposition to Motion Sequence No. 2.[FN21]

No further submissions have been filed with respect to Motion Sequence No. 2.

 Legal Analysis
1. Defendant's request for the entry of an order setting aside and/or vacating the parties' October 14, 2024 Settlement Agreement and Judgment of Divorce pursuant to CPLR §5015(a)(3) and CPLR §5101 based on the grounds that the Judgment and Settlement Agreement were procured as a result of the Plaintiff's misconduct, fraud, misrepresentation and overreaching.
It is well-settled that a party seeking to set aside and/or vacate a settlement agreement cannot do so by motion, but a plenary proceeding, affirmative defense or counterclaim is needed:
"It is well settled that, when a 'separation agreement is incorporated but not merged into the divorce judgment, vacatur of the divorce judgment has no effect on the enforceability of the agreement; the agreement survives as a separate and enforceable contract' (Kellman v. Kellman, 162 AD2d 958, 958, 559 N.Y.S.2d 49). Thus, '[a] party seeking to set aside an agreement must do so by commencement of a plenary action, by affirmative defense or by counterclaim; such relief cannot be obtained on motion' (Gaines v. Gaines, 188 AD2d 1048, 1048, 592 N.Y.S.2d 204)" (see Bryant v. Carty, 118 AD3d 1459 [4th Dept 2014]).
This process remains correct for litigants seeking to challenge the propriety of child support provisions set forth in a stipulation of settlement, in that an application to vacate may be made "by either commencing a separate plenary 'action in which such relief is sought in a cause of [*7]action' or by motion within the context of an enforcement proceeding" [internal citations omitted] (see Barany v. Barany, 71 AD3d 613 [2d Dept 2010]).
The Appellate Division, Second Department has consistently held that post-judgment motions were not the proper manner for movant's to challenge settlement agreements incorporated by reference but not merged into a judgment of divorce (see Spataro v. Spataro, 268 AD2d 467 [2d Dept 2000] ["The Supreme Court erred in entertaining the defendant's motion on the merits, as a motion is not the proper vehicle for challenging a separation agreement incorporated but not merged into a divorce judgment. Rather, the defendant should have commenced a plenary action seeking vacatur or reformation of the agreement"]; see also, Candela v. Kiel, 33 AD3d 833 [2d Dept 2006] ["The Referee properly denied that branch of the plaintiff's motion which was to vacate this provision of the stipulation, since a post-judgment motion is not the proper method to challenge a separation agreement incorporated but not merged into a divorce judgment"]; Sloboda v. Sloboda, 24 AD3d 533 [2d Dept 2005] ["Furthermore, as the Supreme Court correctly observed, the plaintiff's application to set aside the stipulation of settlement was procedurally barred. A plenary action is required to set aside a stipulation, as here, incorporated but not **110 merged into the judgment of divorce"]; Reiter v. Reiter, 39 AD3d 616 [2d Dept 2007] ["Here, the plaintiff sought to modify the stipulation of settlement by motion rather than by plenary action. Consequently, the Supreme Court properly denied her request for relief"]; Makara v. Makara, 65 AD3d 1018 [2d Dept 2009] ["A challenge to a stipulation of settlement which is incorporated but not merged into a judgment of divorce must be made by plenary action, and not by motion. Here, the defendant sought to set aside the stipulation of settlement by motion rather than by plenary action. Consequently, the Supreme Court properly denied her request for relief"]).
Here, it is without question that the terms of the Stipulation were incorporated by reference, but not merged into the Judgment. As Defendant is now seeking to set aside and/or vacate the Stipulation, doing so as a post-judgment motion is not the proper vehicle for such an application, as Defendant should have proceeded by commencing a plenary action seeking such relief. Accordingly, Defendant's request for the entry of an order setting aside and/or vacating the Stipulation and Judgment pursuant to CPLR §5015(a)(3) and CPLR §5101 must be denied and is hereby denied without prejudice. 
2. Defendant's request for the entry of an order modifying upward the Plaintiff's child support obligations for the parties' daughter, A.S.P.B. (born [Redacted]), and directing that the Plaintiff contribute his pro rata share towards the child's unreimbursed medical expenses, childcare and extracurricular activities.Pursuant to DRL § 236(B)(9)(b)(2)
"(i) The court may modify an order of child support, including an order incorporating without merging an agreement or stipulation of the parties, upon a showing of a substantial change in circumstances. Incarceration shall not be considered voluntary unemployment and shall not be a bar to finding a substantial change in circumstances.(ii) In addition, unless the parties have specifically opted out of the following provisions in a validly executed agreement or stipulation entered into between the parties, the court may modify an order of child support where:(A) three years have passed since the order was entered, last modified or adjusted; or(B) there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted. A reduction in income shall not be [*8]considered as a ground for modification unless it was involuntary and the party has made diligent attempts to secure employment commensurate with his or her education, ability, and experience."Here, as there are significant issues of fact and this Court has not been provided with full financial disclosure from the parties, Defendant's request for the entry of an order modifying upward Plaintiff's child support obligations for the Child and directing Plaintiff to contribute his pro rata share towards certain expenses of the Child, shall be determined following a hearing to be held by this Court to be scheduled at the status conference date scheduled herein.
3. Defendant's request for the entry of an order directing the Plaintiff to pay interim counsel fees pursuant to Domestic Relations Law ("DRL") § 237 or NYCRR 130.1-1, in the sum of $7,500.00, made payable by Plaintiff directly to Defendant's counsel, together with leave to seek such other and further counsel fees that may be warranted.The Appellate Division Second Department has noted how trial court should determine if an award of attorneys' fees is warranted in a matrimonial action:
"In a matrimonial action, an award of attorney's fees is a matter committed to the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case (see Prochilo v. Prochilo, 165 AD3d 1304, 84 N.Y.S.3d 786; Patete v Rodriguez, 109 AD3d 595, 599, 971 N.Y.S.2d 109). The purpose of Domestic Relations Law § 237(a) is to redress the economic disparity between the monied spouse and the nonmonied spouse by ensuring that the latter will be able to litigate the action on equal footing with the former (see Chesner v. Chesner, 95 AD3d 1252, 1253, 945 N.Y.S.2d 409; Finnan v. Finnan, 95 AD3d 821, 943 N.Y.S.2d 559; Prichep v. Prichep, 52 AD3d 61, 64—65, 858 N.Y.S.2d 667).In determining whether to award attorney's fees, the court should review the financial circumstances of both parties, together with all of the other circumstances of the case, including, inter alia, the relative merit of the parties' positions, and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (see Prochilo v. Prochilo, 165 AD3d 1304, 84 N.Y.S.3d 786; Chesner v. Chesner, 95 AD3d 1252, 945 N.Y.S.2d 409; Prichep v. Prichep, 52 AD3d at 64—65, 858 N.Y.S.2d 667)." (Brockner v Brockner, 174 AD3d 567, 568 [2d Dept. 2019])."When seeking an award of attorneys' fees, parties are required to submit itemized billing statements as proof of the attorneys' fees incurred, both to demonstrate substantial compliance with 22 NYCRR 1400.2 and 1400.3 and to establish the "extent and value of [the] services" rendered (see Yakobowitz v. Yakobowicz, 217 AD3d 733 [2d Dept 2023] [internal citations omitted]).
Here, Defendant seeks an award of attorneys' fees of $7,500.00, with Defendant's counsel asserting that Defendant is the less monied spouse, that Plaintiff is more than capable of paying the fees, and that this Court should consider Plaintiff's alleged misconduct against Defendant.[FN22]
In support of Defendant's application, Defendant's retainer agreement with her counsel is [*9]annexed to the instant motion as Exhibit D,[FN23]
which appears to have been executed by Defendant and Defendant's counsel in May of 2025 (hereinafter "Retainer"). The Retainer notes that the nature of the services to be rendered by Defendant's counsel to Defendant include litigation in both the New York State Family Court and New York State Supreme Court:
"The client retains the Firm to render services in connection with a child custody and support action to be commenced in the Family Court, County of Westchester, and the State of New York. In addition, the Firm is retained to challenge and set aside the Settlement Agreement in the Supreme Court."
The Retainer further provides for a retainer payment of $5,000.00, to be billed at a rate of $500.00 per hour for the principal attorney, $400.00 per hour for other attorneys, $250.00 per hour for paralegals and law clerks, and $150.00 per hour for secretarial and support staff.
Also submitted in support of Defendant's attorneys' fee application, annexed to the instant motion as Exhibit E,[FN24]
are what have been represented as five invoices between Defendant's counsel and Defendant (hereinafter "Invoices"). Upon review of the Invoices, all appear to pertain to litigation in the Family Court except the last, dated December 5, 2025, for which $3,000.00 in legal fees and $46.35 in expenses were incurred as noted below:

Time Entries

Billed By

Hours

Sub

Draft Motion 
 12/2/2025
  Begin drafting Notice of Motion to set aside 
 Settlement Agreement and JOD

AC

0.50

$250.00

Draft Motion 
 12/4/2025 
 Draft K.L.B.'s Affidavit in Support of Motion to 
 Vacate and set aside Agreement

AC

2.00

$1,000.00

[*10]Draft Motion 
 12/5/2025 
 Draft Attorney Affirmation and perform legal 
 research re setting aside Agreement and for lack of 
 child support language

AC

3.50

$1,750.00

6.00

$3,000.00

While it is possible that some of the time in the prior four Invoices reflect time spent on this case, as Defendant's counsel asserts that as of the date of his affirmation $5,000.00 in legal services have been performed for Defendant,[FN25]
this Court is concerned about the value of the services rendered as the majority of the relief sought by Defendant in the instant application has been denied due to the request having been made improperly as a post-judgment motion as noted above.
Accordingly, based upon the foregoing, Defendant's application for an award of attorneys' fees is denied to the extent that this Court shall make a determination as to applications for attorneys' fees following a hearing to be held to be scheduled as set forth herein.
4. Defendant's request for the entry of an order granting such other and further relief as this Court may deem just and appropriate.Any relief requested not expressly granted herein is denied.
Accordingly, it is hereby:
ORDERED that Defendant's application is determined as set forth herein; and it is hereby further
ORDERED that a status conference shall be held on February 27, 2026, at 9:00 a.m., wherein all parties and counsel shall appear to schedule a hearing pertaining to Defendant's application for modification of child support for the Child; and it is further
ORDERED that by February 26, 2026, Defendant's counsel shall serve a copy of this Decision and Order with Notice of Entry on Plaintiff's counsel by e-mail and NYSCEF filing, and by that date shall file proof of service with the Court including an affidavit of service; and it is further
ORDERED that any relief requested not expressly granted herein is denied.
The foregoing constitutes the Decision and Order of the Court.
Dated: February 25, 2026White Plains, New YorkJames L. Hyer

Footnotes

Footnote 1:See, NYSCEF Doc. No. 1.

Footnote 2:See, NYSCEF Doc. No. 2.

Footnote 3:See, NYSCEF Doc. Nos. 3-4.

Footnote 4:See, NYSCEF Doc. No. 5.

Footnote 5:See, NYSCEF Doc. No. 6.

Footnote 6:See, NYSCEF Doc. No. 7.

Footnote 7:See, NYSCEF Doc. No. 8.

Footnote 8:See, NYSCEF Doc. No. 9.

Footnote 9:See, NYSCEF Doc. No. 10.

Footnote 10:See, NYSCEF Doc. No. 11.

Footnote 11:See, NYSCEF Doc. No. 12.

Footnote 12:See, NYSCEF Doc. No. 5, at Pg. 2.

Footnote 13:See, NYSCEF Doc. No. 14.

Footnote 14:See, NYSCEF Doc. No. 13.

Footnote 15:See, NYSCEF Doc. Nos. 15-24.

Footnote 16:See, NYSCEF Doc. No. 25 & 26.

Footnote 17:See, NYCEF Doc. No. 27.

Footnote 18:See, NYCEF Doc. No. 28.

Footnote 19:See, NYSCEF Doc. No. 29.

Footnote 20:See, NYSCEF Doc. No. 30.

Footnote 21:See, NYSCEF Doc. Nos. 31-43

Footnote 22:See, NYSCEF Doc. No. 17 ¶ 38, 50, 52.

Footnote 23:See, NYSCEF Doc. No. 21.

Footnote 24:See, NYSCEF Doc. No. 22.

Footnote 25:See, NYSCEF Doc. No. 17 ¶ 39,